A. E. FULLENWIDER & CO. v. J. E. LONGMOOR AND WIFE.

No. 6317.

1.   **Mechanics' Liens on Homestead.**—See statutes on subject collated and discussed.

2.   **Same.**—When the wife has executed a contract for improvements upon the homestead in the manner prescribed by the Constitution and the statutes the rights and remedies of all parties stand and are to be proceeded with as to all persons just as contracts for other improvements are directed by the statute to be conducted.

3.   **Same.**—The lien upon the homestead is subordinate to the terms of the contract for the contemplated improvements.  The debts under the contract can not be increased by the proceedings taken to establish the lien.

4. **Lien by Subcontractor.**—If the owner of the property is indebted to the contractor the service of the notice in fixing the lien if followed by the acts required to fix it secures the fund in the hands of the owner under the contract, as does a writ of garnishment in an ordinary case, subject however to a pro rata distribution with other lien holders under the contract.

5. **Material Allegations.**—The omission to allege that the owner of the building had funds in his hands under the contract for construction is fatal to proceedings by a subcontractor to reach such fund.

6. **Mechanics' Lien.**—The owner of the property is not required to pay for the improvement twice in order to protect those who may acquire liens. He may pay the contractor in advance with either cash or property. To extent of such payment no lien could attach to the property.

APPEAL from Milam. Tried below before Hon. W. E. Collard. The opinion states the case.

*E. L. Anthony,* for appellants.—The appellants having complied with the Act of March 25, 1885, had a valid material man's lien on the premises described by virtue of their verbal contract with Hale & Hewett, the appellees' contractors, as against the husband and wife, by and through the written contract with Hale & Hewett, which contract enured to the benefit of the material man. Const., art. 16, secs. 37, 50; Act of March 25, Gen. Laws 1885, p. 63; Rev. Stats., title 61, ch. 2.

*A. G. Wilcox* and, *T. S. Henderson,* for appellees.—The law will not create an implied lien against the homestead for work done and material furnished, but only permits an express lien to be created in the manner and form prescribed by law, and enforces it only in favor of the original contractor and his assignee. And in this case Hale & Hewett were the original contractors, and appellants not claiming as original contractors nor as assignees of the contract can have no lien on appellees' homestead. Const., art. 16, sec. 50; Rev. Stats., 3174; Shields v. Morrow, 51 Texas, 393.

HENRY, ASSOCIATE JUSTICE.—Appellants were plaintiffs in the District Court, and alleged in their petition that appellees contracted with Hale & Hewett to furnish all the material and labor and construct a residence for appellees.

The contract was properly acknowledged by the husband and wife and recorded, and was made part of plaintiffs' petition. It shows that Hale & Hewett were to receive for the entire job thirteen hundred dollars, and that one thousand dollars of the sum was paid when the contract was made by the execution and delivery to them of the negotiable promissory note of appellees, payable on the 14th day of November, 1888.

This suit was commenced in 1886. The petition charges that Hale & Hewett contracted with plaintiffs to furnish the material for the con-

struction of the building, and that the value of it should become due when plaintiffs should be notified by the contractors that no more material would be required, and that such notification was given before this suit was instituted; that the material furnished by plaintiffs was worth one thousand and sixty-six dollars and eighty-five cents, of which four hundred dollars was paid by the contractors.

Notice to Longmoor of the claim and its being recorded as provided by statute is alleged.

The petition contained no allegation that at the time the notice was served upon Longmoor, or subsequent to that date, he owed the contractors anything, nor does it allege that he paid them anything after that date. The pleadings treat the improved property as the homestead of appellees.

The court sustained a general demurrer to the petition and dismissed the cause.

Section 37 of article 16 of the Constitution reads: "Mechanics, artisans, and material men of every class shall have a lien upon the buildings or articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

Section 50 of the same article provides that the homestead of a family shall be protected from forced sale for work and material used in constructing improvements thereon "only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead."

The law controlling the question as found in our Revised Civil Statutes, as amended by the act of March 28, 1885, reads as follows:

"Article 3164. Any person or firm, lumber dealer, artisan, or mechanic who may labor or furnish material, machinery, fixtures, or tools to erect any house or improvement, or to repair any building or improvement whatever under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor, or contractors, upon complying with the provisions of this act shall have a lien on such house, building, fixture, or improvements, and shall also have a lien on the lot or lots of land necessarily connected therewith to secure payment for labor done, lumber, machinery, material, or fixtures and tools furnished for construction or repairs.

"Article 3165. In order to fix and secure the lien herein provided for it shall be the duty of every original contractor within four months, and every journeyman, day laborer, or other person seeking to obtain the benefits of the provisions of this article within thirty days after the indebtedness shall have accrued, to file his or their contract in the office of the

county clerk of the county in which such property is situated and cause the same to be recorded in a book to be kept for that purpose.

" Article 3174.    But when lumber or material is furnished, labor performed, erection or repairs made upon a homestead, to fix a lien upon the same it shall be the duty of persons, mechanics, artisans, lumber dealers, and laborers who shall perform any labor or furnish any material upon or about the construction of any improvement or repairs upon a homestead to make and enter into a contract in writing, setting forth the terms of said contract, which said contract in writing shall be signed by the husband and wife and acknowledged by her as required in making a sale of the homestead at the time when such improvements or repairs are to be made or material furnished or labor performed; and all such contracts shall be recorded in the county clerk's office in the county where such improvements are being made or land situated.

" Article 3175.    The lien and contract mentioned in the preceding article shall inure to the benefit of artisans, mechanics, laborers, and lumber dealers, and other material men who shall have built, erected, repaired, improved, or furnished material for a homestead.

" Article 3176.    Every person except the original contractor who may wish to avail himself of the benefit of the provisions of this act shall give ten days' notice in writing before the filing of the lien, as herein required, to the owner, owners, or agent, or either of them, that he holds a claim against such building or improvements, setting forth the amount and from whom the same is due; and *therafter* said owner, owners, or agent shall be authorized to retain in his hands the amount claimed until the same has been settled or determined not to be due."

Article 3178 substantially provides that in all cases where a lien has been fixed as above by any person other than a contractor, it shall be the duty of the contractor to defend any action brought thereupon at his own expense, and that during the pendency of such action the owner may withhold from the contractors the amount of money for which such lien shall be filed, and that subcontractors, laborers, and material men shall have preference over other creditors of the principal contractor to the extent of the money due them from such principal contractor on account of labor done or material furnished, and that the money due the principal contractor from the person having the improvements made shall not be garnished by other creditors to the prejudice of such subcontractors, laborers, or material men.

It is contended by appellees that the law does not authorize the lien upon the homestead to be enforced in favor of any person except the original contractor or his assignee.    We do not agree with this construction of the law.    When the wife has executed the contract in the manner provided by the Constitution and the statute the rights and remedies of all parties stand and are to be proceeded with as to all persons just as

contracts for other improvements are directed by the statutes to be con-- ducted. The only distinctions are in the requirement that the wife must be a party to the contract affecting the homestead and in the mode of its execution. Article 3175 quoted above expressly so provides, and it is not obnoxious to any constitutional objection.

The lien acquired is, however, in all cases subordinate and never superior to the terms of the contract. No original indebtedness is created by establishing the lien. The debt of the owner of the property as fixed by the contract can not be modified, changed, or enlarged by the proceedings fixing the lien. These proceedings do no more than establish a lien against the property for such amount as is unpaid and is payable by the terms of the contract when the proceedings are commenced. From the time of the service of the notice upon the owner of the property he can make no further payment to the contractor without incurring liability for the lien debt, if proper steps shall be taken to establish it, to the extent of his indebtedness under the contract when the notice is served. If the owner of the property is indebted to the contractor the service of the notice, if followed by the acts required to fix the lien, secures the fund as does a writ of garnishment in an ordinary case, except that a pro rata distribution may become necessary by the terms of the statute between different lien holders and the process of collecting the money is different.

The petition in this case was insufficient because it contained no allegation that the owner of the improved property owed the contractors anything at the date of or at any time subsequent to the service of the notice of their claim.

The contract made part of plaintiffs' petition showed that the larger part of the debt had been paid by the execution of a negotiable promissory note not then due. The contract disclosing this was recorded. The owner of the property is not required to pay for the improvement twice in order to protect those who may acquire liens. The law does not deny him the privilege of paying for the work in advance with cash or property, and who would hold him liable as a debtor must show he was in fact such when the right against him was acquired. As in all other cases collusion could be inquired into and the proper remedies applied. To enable the plaintiffs to recover under the allegations of their petition the court would have to make a contract for the parties instead of enforcing remedies given by the law founded on one made by themselves.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered April 12, 1889.