## H. W. AND L. G. DUDLEY V. A. B. JONES.

### No. 6713.

**Subcontractor— Lien.**—The owner of land on which a building is being erected under contract is not liable to a subcontractor for any amount paid to the contractor before such owner is served with notice of the subcontractor's claim.  After the lien is established the subcontractor's right relates back to the date of notice to the owner and becomes a lien for such amount then due, or which may have subsequently accrued in favor of the contractor, not to exceed the subcontractor's demand; there being no other mechanic's lien against the property.  For facts see opinion.

APPEAL from Hill.    Tried below before Hon. J. M. Hall.
The opinion states the case.

*J. G. Abney,* for appellants.—The court erred in sustaining the exception of appellee A. B. Jones to appellants' special answer, and in rendering judgment against appellants. Gen. Laws 1885, p. 65; Rev. Stats., art. 3179; Pool v. Sanford, 52 Texas, 621; Sens v. Trentune, 54 Texas, 218.

*McKennon & Carlton,* for appellee. — The court properly sustained the exception to appellants' special answer, because said answer does not aver that if appellants be required to pay the claim of appellee they would be thereby required to pay a greater sum for and on account of labor performed, or material, machinery, fixtures, and tools furnished, than the

price or sum stipulated in the original contract between appellants and
Hatcher & Hughes for the erection of said house, nor does any other·
averment substantially present this defense, which, when the lien is prop--
erly fixed, is the only defense to the action.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee as·
a subcontractor, against Hatcher & Hughes as contractors and H. W. and
Lizzie G. Dudley as owners of the improved property, to recover a balance·
due him for work done, and to enforce a mechanic's lien.

The contractors had agreed with the owners of the lot to perform the·
wood work and painting upon a house for a stipulated price.

Plaintiff had agreed with the contractors to do the painting for $195..

The contractors abandoned the construction of the building before it
was completed. The subcontractor abandoned his contract when the·
contractors abandoned theirs. He claimed that the work done by him
was worth in proportion to the whole contract price $135.53, for which,.
after deducting a payment of $25, he proceeded to establish a mechanic's,
lien, and instituted this suit to recover the balance due him.

The owners of the property answered, alleging that "before any notice·
of plaintiff's account was given them the contractors, Hatcher & Hughes,
had abandoned their contract, and defendants had paid them more than
the material furnished and work and labor done by them were reasonably·
worth, and more than the proper proportion of the same under and by
virtue of said contract, and that the amount they were compelled to pay
to complete the building, added to the amount so paid Hatcher & Hughes,.
made the building cost them more than the original contract price.

The court sustained plaintiff's exceptions to this answer, and after hear--
ing evidence rendered judgment in favor of plaintiff for .the amount of·
his demand and foreclosing mechanic's lien in his favor. Appellants as-
sign as error the judgment sustaining the exceptions to their answer.

The owners of the property were not liable to the subcontractor for any
amount paid to the contractor before being served with notice of the sub-
contractor's claim. By establishing his claim as a mechanic's lien, the sub-
contractor's right related back to the date of his notice to the owners and
became a lien upon the property for any amount then due or subsequently·
accruing in favor of the contractors, not exceeding the subcontractor's de--
mand, there being no other mechanic's lien against the property.

The right of protection through the instrumentality of a mechanic's.
lien is subject to the right of the owners of the property not to be com-
pelled to pay a greater price for the improvement than they had contracted
to do, unless such result was occasioned by their making payments after·
notice of the claim was given to them.

We think the answer presented a defense which, if proved, will entitle·

appellants to a judgment discharging them, and that the exception to it should have been overruled.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 25, 1890.