## J. A. Spann v. N. W. King et al.

Decided May 15, 1909.

**Material Man's Lien—Statute Construed.**

In accordance with the terms of a written contract, a lumber company furnished to a contractor the building material necessary for the construction of a house; the lumber company failed to give to the owner of the house or his agent or representative notice in writing of each item of the account as it was furnished to the contractor; the only notice served by the lumber company on the owner was a copy of the contract between itself and the contractor at the time the same was executed, and a copy of the entire account after the owner had paid the contractor all that was due him. Held, that the lumber company failed to comply with the statutory requirements necessary to fix a lien on the property.

Appeal from the District Court of Fisher County. Tried below before Hon. O. C. Higgins.

*Beall Bros. & McDugald,* for appellant.

*Cunningham & Oliver, McCrea & Kirk* and *Yantis & Hughes,* for appellee.

DUNKLIN, Associate Justice.—On July 15, 1907, N. W. King contracted with J. A. Spann to erect a house for the latter according to certain plans and specifications, and to furnish all necessary ma-

terials therefor. Originally the contract price for the house was five thousand dollars, but afterwards by agreement between the parties certain changes were made in the original plans necessitating additional expense to the contractor, in consideration for which Spann contracted to pay King the sum of seven hundred and fifty dollars additional to the original contract price of five thousand dollars. King proceeded with the work of constructing the house, but failing to finish it in accordance with the terms of the contract, Spann terminated the contract and completed it at his own expense in excess of the contract price. He then sued King and the sureties on the bond which the latter had given for the faithful performance of the building contract, and the Gray Lumber Company intervened, praying for judgment against King for material furnished him and used in the building, and also for foreclosure of an alleged material man's lien therefor on the building and lots upon which it was constructed.

Upon the trial Spann recovered judgment against King and his bondsmen for damages in the sum of fifteen hundred dollars for the breach of the building contract, and the Gray Lumber Company recovered judgment against King for twenty-five hundred and six dollars and ninety cents for the material furnished King, with a foreclosure lien for that amount on the house and lots. Spann has appealed from this judgment of foreclosure only, and no appeal has been prosecuted by any of the defendants.

The material used by King in the construction of the house was purchased by him from the Gray Lumber Company under a written contract between these parties dated July 25, 1907, by the terms of which the Gray Lumber Company agreed to furnish to King such material as might be necessary for the building at the market prices, and King agreed to pay for the same upon the completion of the building, but the contract did not stipulate for any particular character or quality or quantity of said material. Acting under this contract, the lumber company furnished to King building material of the market value of twenty-five hundred and six dollars and ninety cents, which was used by King in the construction of the house, and on December 26, 1907, filed its account for said material as a lien upon the house and lots upon which it was erected, the same being filed with the county clerk of Fisher County. Attached to the account was an affidavit of George C. Wright, as the general manager of the lumber company, which was in substantial compliance with the statute except that it failed to state that the lumber company had given to Spann or his agent or representative notice in writing of each item of said account as the same was furnished to King, as required by Sayles' Civil Statutes, article 3298. In lieu of that allegation the affidavit, following an averment of the execution of the contract by King to buy the material from the lumber company above mentioned, contained this allegation: "The said J. A. Spann as well as his agent or representative, J. O. Quattlebaum, well knew of said contract, and also knew that the said Gray Lumber Company was furnishing said material for the erection of said house by the said King, and affiant says he has also mailed to said J. A. Spann's agent or representative, J. O. Quattlebaum, a copy of the account hereto attached."

During the progress of the work done by King on the building Spann made payments to him under the contract aggregating three thousand dollars, the last payment having been made the latter part of November, 1907, but after that date Spann made no further payments to King. The only notice ever served by the Gray Lumber Company on Spann as a basis for a lien on the house and lots was a copy of its contract with King to furnish him the material above referred to, which was mailed to Spann as soon as it was executed, and a copy of the account filed with the county clerk above referred to, which was mailed to Spann on or about December 23, 1907, after Spann had paid to King the three thousand dollars above mentioned.

The facts above found were established by uncontroverted evidence, and they clearly show that intervener failed to comply with the statutory requirements necessary to fix a lien on the property, and that no such lien should have been decreed. (Sayles' Civ. Stat., articles 3296, 3298, 3310; Dudley v. Jones, 77 Texas, 69; Fall v. Nichols, 43 Texas Civ. App., 582.)

Accordingly, the judgment of the trial court fixing and foreclosing a lien in favor of the Gray Lumber Company against the house and lots upon which the same was erected is reversed, and judgment is here rendered that said intervener take nothing of plaintiff J. A. Spann, that intervener's prayer for a decree fixing and foreclosing a lien on said property be and the same is hereby denied, but in all other respects the judgment of the trial court is affirmed.

*Affirmed in part and reversed and rendered in part.*

Writ of error refused to appellee.