TENISON v. HAGENDORN.

(Court of Civil Appeals of Texas. Dallas. March 22, 1913.)

1. MECHANICS' LIENS (§ 73*) — BURDEN OF PROOF.

In the absence of evidence that an owner of property is a married man or the head of a family, the property is subject to a mechanic's lien for the cost of an improvement thereon, though there is no evidence of a written contract for the improvement, since the statute requiring such a contract merely prevents the incumbering of the home of a family without the wife's consent.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 87, 88, 90–102; Dec. Dig. § 73.*]

2. COURTS (§ 26*)—JURISDICTION—DISTRICT COURT—AMOUNT IN CONTROVERSY.

The district court, acquiring jurisdiction of a suit to foreclose a mechanic's lien, may retain jurisdiction, and may render a personal judgment for less than $500.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 82, 83, 88–90; Dec. Dig. § 26.*]

3. COURTS (§ 155*)—DISTRICT COURT—FORECLOSURE OF MECHANIC'S LIEN — JURISDICTION—PETITION.

A petition which alleges an express contract between plaintiff and defendant for decorating work by plaintiff in a building of defendant, the performance of the work by plaintiff, and the failure of defendant to pay therefor, and which prays for a judgment against defendant and for a foreclosure of a mechanic's lien, states a cause of action for the foreclosure of a mechanic's lien given by Const. art. 16, § 37, giving laborers liens on the buildings made or repaired by them, and gives jurisdiction to the district court, irrespective of the amount in controversy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 378, 402½; Dec. Dig. § 155.*]

4. COURTS (§ 26*)—DISTRICT COURT—FORECLOSURE OF MECHANIC'S LIEN.

Where a plaintiff in the district court, suing to foreclose a mechanic's lien, alleged an express contract, but failed to prove it, and the amount demanded was less than $500, the district court was not ousted of jurisdiction, unless plaintiff fraudulently made the allegations in the petition to confer jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 82, 83, 88–90; Dec. Dig. § 26.*]

5. MECHANICS' LIENS (§ 75*)—IMPLIED CONTRACT—ENFORCEMENT.

Where an owner frequently visited his premises while plaintiff did work thereon, and saw and knew that work was done for his benefit, and he suggested changes and generally supervised the work, there was an implied contract for the work on which a mechanic's lien

---

for the reasonable value thereof could be predicated.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 103–107; Dec. Dig. § 75.*]

Error from District Court, Dallas County.

Action by Max Hagendorn against E. O. Tenison and another. There was a judgment for plaintiff, and defendant named brings error. Affirmed.

Victor H. Hexter, Henri L. Bromborg, and Etheridge & McCormick, all of Dallas, for plaintiff in error. Coke & Coke, of Dallas, for defendant in error.

TALBOT, J. This suit was instituted by Max Hagendorn against H. L. Cadwallader and E. O. Tenison. There are several counts in the petition; plaintiff alleging, in substance: (1) An express oral contract between himself and the defendant E. O. Tenison to do certain decorating in a two-story house of the said Tenison, situated at the northeast corner of Cedar Springs avenue and Dickason street in the city of Dallas, Tex., whereby the said Tenison became indebted to plaintiff in the sum of $490, none of which had been paid except the sum of $85; (2) that, if it should not appear that the said Tenison was liable to plaintiff upon such a contract, then the said Tenison, through his agent, the defendant H. L. Cadwallader, employed plaintiff to do certain decorating in said house, and that by virtue of said contract plaintiff decorated six rooms in said house, in consideration of which said Tenison promised plaintiff to pay him the reasonable value of said work done and material furnished, which was $490, and that Tenison, though often requested, had failed and refused to pay the same, except the sum of $85; (3) that if it should appear to the court from the evidence that plaintiff was not entitled to recover from the defendant E. O. Tenison, on the grounds alleged in either of the foregoing counts, then Tenison was "liable to plaintiff in quantum meruit for the work done and material furnished by plaintiff" in decorating said rooms, stating that Tenison visited said rooms frequently while said work was being done, and saw and knew that it was being done for his use and benefit, suggested changes, and generally directed and supervised said work; and (4) that if it should appear that the said E. O. Tenison was not liable to the plaintiff, as alleged in any of the foregoing counts, then the said H. L. Cadwallader, as "special decorating contractor," at the special request of defendant Tenison, entered into a verbal contract with plaintiff whereby plaintiff was to do the decorating mentioned for what the work and material were reasonably worth; that said work was done and material furnished by plaintiff under said contract, and that the reasonable value thereof was $490,

of which only $85 had been paid; that the defendants, Cadwallader and Tenison, had failed and refused to make payment of the balance of $405 due plaintiff on said contract, and to fix a lien upon the premises on which said work was done, to secure plaintiff for his indebtedness $405 still remaining unpaid, plaintiff prepared and filed for record in the office of the county clerk of Dallas county, Tex., on or about the 26th day of August, 1909, his affidavit and account as prescribed by law, fixing the liens for mechanics, artisans, and materialmen, and did thereby fix a lien upon said premises described in count No. 1 before the house on which the work was done was completed. The prayer of the petition is that plaintiff have judgment against E. O. Tenison in the sum of $405, with interest, and in the alternative for judgment against the said H. L. Cadwallader for said sum, and for a foreclosure of the lien claimed on the land and premises of the said Tenison. Defendant specially denied that he had entered into any contract with his codefendant, Cadwallader, averred that he had paid the full contract price to H. J. Curtis, with whom he had entered into a contract for the erection of his house, and that, at the time of the purported fixing of the mechanic's lien, the property was notoriously his homestead, and that said lien was void and constituted a cloud upon his title. Wherefore he prayed for cancellation of the purported lien and for general relief. Thereupon the plaintiff filed a first supplemental petition alleging that the reasonable value of the residence belonging to said defendant is $100,000, and by law 10 per cent. of this amount is required to be retained by the said defendant for the payment of plaintiff's claim. That the defendant has failed and refused, and still fails and refuses, to pay over to plaintiff any part of said 10 per cent. required to be retained by law, in satisfaction of plaintiff's claim, although often requested so to do. Wherefore he prayed judgment against the said defendant, together with foreclosure of his mechanic's lien, and for all other and further relief. The suit as to H. L. Cadwallader was dismissed by plaintiff, and a trial of the case against E. O. Tenison before the court, without the intervention of a jury, resulted in a judgment in favor of plaintiff against Tenison for the sum of $405, with interest thereon at the rate of 6 per cent. per annum from August 15, 1909, for the foreclosure of plaintiff's alleged mechanic's lien and for costs of suit.

[1] The plaintiff in error contends that the court erred in foreclosing a mechanic's lien on the property described in the judgment rendered, because the evidence showed that said property was the homestead of the defendant in error, E. O. Tenison, at the time the plaintiff claims to have furnished the material and performed the labor thereon,

and that no contract in writing was entered into between the plaintiff and the defendant Tenison and his wife, authorizing the furnishing of said material and performance of said work, as required by law in such cases, in order to fix such lien upon said property. The answer to this contention is that the evidence is insufficient to show that E. O. Tenison was a married man or the head of a family, and therefore the written contract referred to was not necessary to the fixing of a mechanic's lien in favor of plaintiff upon the property in question. The object of the statute in requiring such a contract is to prevent the incumbering of the home of a family with a mechanic's or materialman's lien for the building or improvement of the same without the wife's consent. The only testimony found in the record touching the homestead character of the property upon which the lien was foreclosed is the following declaration: "It was a fact before the court and counsel that the work was done on the residence homestead of E. O. Tenison in the city of Dallas, the identical property mentioned and described in affidavit for mechanic's lien above set forth." There is testimony to the effect that, while the work of decorating Tenison's home was being done, "Mrs. Tenison came in" and expressed dissatisfaction with some of the decorating that plaintiff was doing; but there is no testimony identifying this lady as the wife of the defendant E. O. Tenison. Whether she was his mother, his wife, or some more distant relation, or no relation at all, does not appear. That the defendant was a married man or head of a family, so as to render the written contract contended for essential to the acquisition of a mechanic's or materialman's lien, under the statute to secure the payment of plaintiff's claim for material furnished and labor performed, was a fact necessary to be proved, and, in the absence of such proof, the issue of homestead vel non did not arise.

[2] It is further contended, in effect, that the trial court erred in rendering a personal judgment against the defendant Tenison and in foreclosing a mechanic's lien upon his property, whether said property was his homestead or not, for the reason that plaintiff Hagendorn's petition showed upon its face that the district court was without jurisdiction. It is not believed that this contention is well taken. In Ablowich v. Greenville National Bank, 95 Tex. 429, 67 S. W. 79, 881, it is held that the district court has jurisdiction of a suit to enforce a lien upon land, without regard to the amount in controversy, and may render judgment for the debt sued for, though the amount thereof is not sufficient of itself to give jurisdiction, and the evidence fails to establish the existence of the lien. If, however, the pleadings are such as do not show the existence of the lien claimed, and do not warrant its foreclosure, jurisdiction for the purpose of rendering a judgment for the amount sued for, if it is less than $500, cannot be exercised.

In Western Union Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8, decided since the opinion in the Ablowich Case was rendered, it is stated that: "It does not follow that the proper practice is for the court, when it sees from the plaintiff's own pleadings that he has no cause of action, except one which he should have asserted in another tribunal, to entertain that claim because the plaintiff has also asserted another, to the recovery of which he has no right. If but one amount is claimed, which is within the jurisdiction, and the court finds, on exception, that no right to recover it is shown by the petition, judgment of dismissal follows not for want of jurisdiction, but for want of cause of action." The principle announced in the Arnold Case is not applicable here. The facts pleaded in plaintiff's petition show the existence of a valid mechanic's, laborer's, or materialman's lien upon the house and lots of the defendant Tenison, and the suit is therefore one, as is apparent upon the face of the petition, for the enforcement of a lien upon land of which the district court has jurisdiction. This being true, the district court properly retained jurisdiction "for the purpose of administering such relief as the pleadings and evidence" showed the parties entitled to, "although it would not have entertained jurisdiction of the debt as an original action in that court."

[3] The plaintiff alleged in the first count of his petition, as heretofore shown, an express oral contract between himself and the defendant E. O. Tenison, by the terms of which plaintiff was to do the decorating work alleged and shown to have been done on said defendant's house described in said petition; that, in accordance with the terms of said contract, plaintiff decorated six rooms of said house between the 15th day of June, 1909, and the 15th day of August, 1909, whereby the said Tenison became indebted to the plaintiff in the sum of $490; and that, though often requested, he had failed and refused to pay plaintiff said sum or any part thereof, except the sum of $85, to the plaintiff's damage in the sum of $405. The prayer of the petition, as we construe it, is that plaintiff have judgment against the defendant E. O. Tenison for $405, together with interest thereon at the rate of 6 per cent. per annum, and for a foreclosure of his mechanic's or laborer's lien on the property described in his petition, and that, in the event he is not entitled to a personal judgment against Tenison, he have a personal judgment against the defendant Cadwallader, with whom, as the special decorating contractor of Tenison, it is alleged plaintiff made the contract for the decorating work claimed to have been done, for such an amount with a foreclosure of said lien on said property as

against Tenison. Having alleged that he did the work in question under and by virtue of a contract made with the owner of the property himself, we think it must be admitted that plaintiff's petition clearly showed upon its face a mechanic's or laborer's lien in plaintiff's favor upon said property. Such a lien, upon such a state of facts, is given by section 37, art. 16, of the Constitution, which reads as follows: "Mechanics, artisans and materialmen of every class shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." It has been, more than once, held that, as between the original contractor and the owner of the porperty, the lien given by the above provision of the Constitution is not dependent upon the statute, and is not lost by the failure of the mechanic, laborer, or materialman to file in the office of the county clerk an itemized account of his claim, as directed by the statute; that while the Legislature may, under the Constitution, provide means for the enforcement of the lien, and in so doing may prescribe such things to be done as may be deemed necessary for the protection of the owner or purchaser of the property, yet it has no power to affix to the lien conditions of forfeiture. Strang v. Pray, 89 Tex. 525, 35 S. W. 1054; Bank v. Taylor, 91 Tex. 78, 40 S. W. 876, 966; Beilharz v. Illingworth, 132 S. W. 106 (in which a writ of error was denied).

[4] But the plaintiff, according to the record sent to this court, failed to show, by the testimony offered, that he made an express contract with the defendant Tenison to do the decorating work claimed to have been done, as alleged in the first count of the plaintiff's petition, and the question arises, What effect did such failure have upon the jurisdiction of the court? The proper answer to this question is, we think, that it had none. The facts pleaded showing that plaintiff, by virtue of the constitutional provision quoted above, had a valid mechanic's or laborer's lien upon Tenison's house and lot, the failure of the testimony to show the existence of those facts, it not appearing that they were fraudulently alleged for the purpose of conferring jurisdiction upon the district court, did not oust the jurisdiction of that court. The want of jurisdiction in such a case arises as an issue of fact and not of law, and "a failure of the lien makes it no less a suit to enforce a lien." Ablowich v. Bank, supra.

[5] But having failed to show an express contract with the defendant Tenison to do the decorating of his house, as alleged in the first count of plaintiff's petition, how can it be said, notwithstanding the court had jurisdiction, that judgment against Tenison in personam and foreclosing the lien claimed by him was proper? Such judgment was proper because, under the allegations and proof, Tenison was liable upon an implied contract to plaintiff for the reasonable value of the material furnished and labor performed in decorating his house. In the third count of plaintiff's petition, it is alleged, in substance, that, if it should appear from the evidence that plaintiff is not entitled to recover against the defendant E. O. Tenison on the grounds alleged in either of the foregoing counts, then plaintiff alleges and shows to the court that said defendant "is liable to plaintiff in quantum meruit for the work done and material furnished by plaintiff from about the 15th day of June to the 15th day of August, A. D. 1909, in doing the decorating work in six rooms of the house described in the first count, the said E. O. Tenison visiting said premises frequently while said work was being done by plaintiff, and seeing and knowing that same was being done for his (Tenison's) use and benefit, and suggesting changes and generally directing and supervising said work; that therefore said defendant became liable to plaintiff for the reasonable value of said work done and material furnished, which was $490, none of which had been paid, except the sum of $85, to plaintiff's damage $405." The evidence was sufficient to authorize a personal judgment against the defendant and a foreclosure of the lien asserted by him under the foregoing allegations in the third count of plaintiff's petition. While the evidence failed to disclose an express contract between the plaintiff and the defendant Tenison for the decorating by plaintiff of said defendant's house, it was sufficient to show an implied contract to that effect. This being true, judgment in favor of plaintiff against Tenison for the amount sued for and foreclosure of the mechanic's lien was properly rendered. Neither the language of the Constitution nor the language of the statute giving the mechanics, artisans, and materialmen a lien upon buildings constructed by them for the value of the labor performed or material furnished in the construction of such buildings requires or necessarily implies that, in order to give effect to such lien, the same be done and furnished upon an express contract. Nor do the decisions of this state, holding that the Constitution gives the lien mentioned independent of the statute, when the labor was performed and material furnished by virtue of a contract with the owner of such buildings, declare that such contract must be an express contract. The personal liability of the owner for the payment of such a debt may arise as well upon an implied as express contract; and we see no good reason why the lien given by the Constitution should be limited to express contracts. Indeed, it has been held in other jurisdictions that such a lien may be predicated upon an implied contract, in the ab-

sence of any statute requiring an express contract. 27 Cyc. p. 72; Williams v. Uncompahgre Canal Co., 13 Colo. 469, 22 Pac. 806.

The plaintiff testified that H. L. Cadwallader, who, it seems, had been employed simply to do the painting of Tenison's house, directed him to do the work of decorating said house; but the evidence is undisputed that the decorating done was not included in the contract for the erection of said house. The defendant Tenison said: "I had the plans drawn and said to Mr. Curtis, 'You go ahead and make the house according to these plans.' There was an oral contract to that effect. * * * The specifications were in writing, and Mr. Curtis built the house according to them. The specifications provide, when it came to the painting, that the decorating was not to be included in the painting, but that the owner (Tenison) was to take care of that. * * * I reserved in the specifications the right to control the decorating part. * * * The decorating was not to be figured on. The owner was to take care of that." There is no contradiction of this testimony of Mr. Tenison, and it is evident that he controlled in person the decorating done by plaintiff. The evidence shows practically without dispute that he visited the house regularly while the decorating work was being done by plaintiff, and directed that certain parts of it, which did not suit him, be changed and executed in accordance with his own views and wishes, and, upon such changes being so made, expressed his satisfaction with them. There was no testimony that the defendant Tenison expressly engaged and promised or became responsible for the work done by plaintiff; but the facts and circumstances in evidence, touching the acts and conduct of the defendant Tenison in relation to the decorating work done by plaintiff, were sufficient to establish an implied contract to pay for said work.

While it may be true that a contract cannot be implied merely from the fact that the work was done on a building belonging to the person sought to be charged, yet when the owner of the building knows the work in the construction or improvement of it is being done and fails to object thereto, but acquiesces therein in a manner indicating a willingness on his part to have the work done, his consent to such work and promise to pay therefor will be implied.

Whether the plaintiff was entitled to a foreclosure of the lien claimed upon the theory advanced by him that H. L. Cadwallader was the "special decorating contractor" of the defendant Tenison, and as such engaged plaintiff to do the decorating work done by him, need not be definitely determined. The defendant Tenison contends that he was not liable, because plaintiff's petition fails to allege that he gave the defendant Tenison notice of his claim, as required by the statute, in case of a subcontractor, laborer, or materialman performing the work or furnishing the material by virtue of a contract with the original contractor of the owner, and that, if in fact any such notice was given, the petition contains no allegation that, at the time the notice was served upon Tenison or subsequent to that date, he (Tenison) owed Cadwallader any sum whatever, nor is there any allegation that Tenison paid Cadwallader anything after that date. The petition does not, as contended, contain the averments mentioned, and such a petition, under the provisions of our statute relating to the filing and securing of a mechanic's lien on the part of such subcontractor, laborer, or materialman, in so far as such lien is sought to be enforced, has been held to be insufficient and subject to a general demurrer. Pool v. Sanford, 52 Tex. 621; Sens v. Trentune, 54 Tex. 218; Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500. There is, however, evidence in the case to the effect that the defendant Tenison about August 13, 1909, received some kind of written notice of the plaintiff's claim; but whether at the time such notice was given, or subsequent thereto, the defendant owed the said Cadwallader anything only appears, if at all, inferentially. The defendant Tenison testified: "This decorating work was done, I cannot say the exact date. I took a bond for $800, indemnifying me in any payment that I might make and holding me free and harmless from the payment of any character of judgment which might be rendered against me in favor of said Hagendorn (the plaintiff), and I paid more than the amount specified here." Having received notice of plaintiff's claim, and having required the indemnity bond referred to in Mr. Tenison's testimony, above set out, may it not be inferred that Cadwallader had authority, as Tenison's contractor, to employ plaintiff, and was the petition, under the circumstances, materially defective in failing to allege notice on Tenison's part of plaintiff's claim? Padgitt v. Dallas Brick & Construction Co., 51 S. W. 529. A decision of these questions, if we are correct in the conclusions reached on the other phases of the case, becomes unnecessary, and we shall therefore express no positive and definite views upon them.

It is apparent from the record that all the facts of the case were not as fully disclosed in the trial court as they might have been, but the evidence, though imperfectly developing the case, was sufficient to authorize and sustain the judgment of the district court, and the judgment will therefore be affirmed.

Affirmed.