## HUGHES SPRINGS POTATO CURING CO. v. GLOVER & WILLIAMS. (No. 2780.)

(Court of Civil Appeals of Texas. Texarkana. June 7, 1923.)

**Appeal and error** &#9750;193(9)—**Pleading** &#9750;199 —**Demurrer to petition stating no cause of action may be interposed at any time.**

Where the petition fails to state a cause of action, a demurrer may be interposed at any time, whether in the trial court or on appeal.

Appeal from District Court, Cass County; R. T. Wilkinson, Judge.

Action by Glover & Williams against the Hughes Springs Potato Curing Company and another. Judgment for plaintiffs, and the named defendant appeals. Reversed and remanded.

In April, 1919, the Hughes Springs Potato Curing Company, a partnership, entered into a contract with A. W. Emerson under the trade-name of the Perfected Curing & Storage Company, to erect, complete, and equip a 30,000-bushel capacity sweet potato curing plant at the price of $1,400, payable as the work progressed, in four equal installments. It is not questioned but that in pursuance of the contract A. W. Emerson did erect and equip the plant. It is shown, though, that A. W. Emerson purchased of the appellees during the construction of the building a certain bill of lumber amounting to $1,207.24, which was to be paid for on delivery. The lumber was not paid for on delivery; and several days thereafter the appellees prepared and filed, as claimed by them, a materialman's lien. After the materialman's lien was filed, and on February 1, 1920, the sum of $750 was paid appellee by Frank Kessler for the Hughes Springs Potato Curing Company. It does not appear whether or not this sum of money so paid by Mr. Kessler was money due the contractor. The suit was later filed by the appellees against A. W. Emerson to recover the balance due of $453.62, and against the Hughes Springs Potato Curing Company to foreclose the materialman's lien against this property. The defendant A. W. Emerson did not answer. The Hughes Springs Potato Curing Company filed a general and special demurrer to the petition, and a general denial, and specially pleaded that they were not notified that the material was furnished until after the contractor had been paid all that was due under the terms of the contract.

The case was tried before the court, and upon his findings of fact a judgment was entered in favor of the appellees as prayed for.

Bartlett & Patman, of Linden, for appellant.

Elmer Lincoln, of Texarkana, for appellees.

·LEVY, J. (after stating the facts as above). The appellant ·insists that the petition did not allege a cause of action against ·it, and therefore that its general demurrer should have been sustained. The petition does not contain sufficient averments to fix and establish a statutory lien against the property of the appellant. Sens v. Trentune, 54 Tex. 218; Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500; Tenison v. Hagadorn (Tex. Civ. App.) 155 S. W. 690.

The appellees seem to concede that, "Had the demurrer been presented to the petition, it might have been sustained." However, they insist that, as there is an absence in the record of any action of the court upon the demurrer, the demurrer "should be presumed by this court to have been waived." There are cases holding that a general demurrer may be waived, and cases holding that it may be raised on appeal even though not presented in the trial court. These cases are reviewed and the differences nicely and very correctly stated by Justice Moursund in the case of City of San Antonio v. Bodeman (Tex. Civ. App.) 163 S. W. 1043. We think the correct rule is, where, in a given case, the petition, tested by its own averments, fails to state a cause of action, that a demurrer may be interposed at any time. The reason is that unless the petition states a cause of action the court is lacking in jurisdiction to render a legal judgment. It is of vital importance, in order to establish a purely statutory lien, that every prescribed necessary legal requirement be substantially complied with.

The judgment is reversed, and the cause remanded.