## LAREDO BRICK CO.

v.

## URDIALES et al.

No. 12634.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 9, 1953.

Dryden & Dryden, E. J. Dryden, Jr., Laredo, for appellant.

Gordon Gibson, Raymond J. Goodman, Laredo, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Roberto Urdiales against Laredo Brick Company to remove cloud from his title to Lot 10 in Block 1267, in the Eastern Division of the City of Laredo, Webb County, Texas, caused by the Laredo Brick Company filing a statutory affidavit asserting a lien on said Lot 10, for material supplied to George Rodriguez, a contractor. Rodriguez had contracted in writing to build a house on this lot, but had abandoned his contract before completion. The Laredo Brick Company answered and brought into the suit the Laredo Lumber & Supply Company, the original contractor, and Juan Duarte, the contractor who completed the house. The Laredo Brick Company asked the court to determine which of the four, plaintiff and the third party defendants, was liable to it for the material supplied by it to the original contractor and described in its affidavit for a lien.

The trial was to the court without a jury and resulted in judgment removing the cloud on Urdiales' title and granting Laredo Brick Company judgment against the original contractor, George Rodriguez, but denying it relief against plaintiff and the other third party defendants, from which judgment Laredo Brick Company has prosecuted this appeal.

■ The trial court made and filed the following findings of fact, which are not here challenged and are therefore binding on this Court, to-wit:

"1. On the 22nd day of July, 1953 (1952), plaintiff, Roberto Urdiales, owner of Lot 10 in Block 1,267, in the Eastern Division of the City of Laredo, according to the Policarpio Medellin Replat of said block, joined by his wife, by contract in writing duly acknowledged and recorded, employed George Rodriguez, third party defendant, to erect a house thereon for $8,650.00 of which $1,-650.00 was paid in cash and $7,000.00 evidenced by a promissory note due in six

months, which note referred to the contract; the contract contained the usual clauses granting a lien and providing that in case said Rodriguez did not complete said building according to plans and specifications, the plaintiff was authorized to take charge thereof, complete it, and deduct from the contract price the cost of completing the building according to the plans and specifications.

"2. On August 14th, 1952, George Rodriguez, Jr., assigned the note to the Laredo Lumber and Supply Company, third party defendant, to secure it for advances of material and money to be made to him, which assignment was duly recorded in the office of the County Clerk of Webb County, Texas, on August 15th, 1952. Thereafter Mr. Rodriguez began construction and some time in October of 1952, he ran out of funds and credit and abandoned the unfinished job, owing the Laredo Brick Company $435.00 for material supplied between August 23rd and October 22nd, 1952, and owing the Laredo Lumber & Supply Company for materials and money advanced, the sum of $2,708.48.

"3. On the 14th day of January, 1953, Laredo Brick Company served notice on its claim against the contractor Rodriguez for $435.00 on the plaintiff, and on the 26th day of January, 1953, filed a statutory affidavit with the County Clerk of Webb County; at the time this notice was given and affidavit filed, plaintiff owed nothing to the contractor Rodriguez.

"4. On the 31st day of January, 1953, plaintiff Urdiales entered into a contract with Juan Duarte, third party defendant, to complete the house on his said lot for $7,000.00, which was a reasonable amount for the work and, with the cash payment made to the original contractor, exhausted the original contract price, so that no balance thereof remained to become due by plaintiff to the original contractor Rodriguez.

"5. Plaintiff Urdiales sued Laredo Brick Company to remove the cloud cast on his title by the affidavit filed on January 26th, 1953, claiming a lien upon his property; defendant, Laredo Brick Company, brought in George Rodriguez, the original contractor, the Laredo Lumber and Supply Company and Juan Duarte the second contractor, as third party defendants, and also cross-claimed against the plaintiff, and prayed that the Court determine which of these parties was liable for the material furnished by defendant, and the defendant have judgment against such party determined to be liable, for attorney's fees and costs.

"6. On the 30th day of January, 1953, contractor Rodriguez gave formal written notice to plaintiff Urdiales that he was abandoning his contract and authorized Urdiales to take charge and complete the building. * * *"

■ Based upon these findings of fact the trial court made the following conclusion of law, with which we also agree, to-wit:

"1. The notice and affidavit filed by defendant was sufficient in form to impound any money then, or thereafter becoming due by plaintiff to the original contractor Rodriguez, but since nothing was due by plaintiff Urdiales to the original contractor at the time defendant Laredo Brick Company served plaintiff with notice of its claim, or at the time it filed its affidavit on January 26th, 1953, and since nothing thereafter became due by plaintiff to said Rodriguez, the entire balance of the contract price having been absorbed in completing the construction, defendant Laredo Brick Company acquired no rights against plaintiff Urdiales, and no lien upon his property, and plaintiff is entitled to judgment removing the cloud and colorable lien on his title created by the action of defendant in serving such notice and recording such affidavit."

See Dudley v. Jones, Tex.Civ.App., 25 S.W. 994; Ruberoid Co. v. Scott, Tex.Civ. App., 249 S.W.2d 256; Gollnick v. Fry, 119 Tex. 23, 23 S.W.2d 677.

The judgment is affirmed.