**M. C. HARRIS, Appellant,**

v.

**INTERSTATE LUMBER COMPANY et al.,**
**Appellees.**

No. 3448.

Court of Civil Appeals of Texas.

Waco.

May 30, 1957.

Rehearing Denied June 27, 1957.

C. B. Bunkley, Jr., Dallas, for appellant.

Spafford, Spafford, Freedman, Hamlin, Gay & Russell; Reasonover, Vaughan, Stanford & Allen, Dallas, for appellees.

McDONALD, Chief Justice.

This is a suit by plaintiffs to recover the price of building material furnished by plaintiffs to J. N. Adams to be used in construction of a building for defendant Harris on defendant Harris' real estate, and for foreclosure of a statutory materialman's lien against the property. Defendant Harris plead that he had a contract with Adams whereby Adams was to complete the building for $2,500; that contractor Adams, after having been paid some $1,100 on such contract price, refused to complete the building and abandoned the job, and that he, Harris, was compelled to employ others to complete the building at a cost of some $1,500, for which reasons defendant Harris plead that plaintiffs take nothing as to him and that the liens against his property asserted by plaintiffs be held for naught.

Trial was before the court without a jury, which rendered judgment for plaintiff Interstate Lumber Company for $292 and for plaintiff Builders Concrete Products Company for $806, (the amounts sued for) against defendant Adams, and for foreclosure of a materialman's lien for such amounts against defendant Harris' property. Upon request the Trial Court filed Findings of Fact and Conclusions of Law as follows:

"Findings of Fact

"1.) On 20 May 1955, defendants Adams and Harris entered into a written contract whereby Adams was to construct for Harris a concrete tile building on the following described real estate owned by defendant Harris (description omitted) for the sum of $2,-500.

"2) Harris paid Adams $1,085 on the contract price.

"3). Adams substantially completed construction of the building.

"4) At the time Adams withdrew from the construction of the building it would cost $326 to complete the building.

"5) Defendant Adams purchased materials in the sum of $292 from plaintiff Interstate Lumber Company which were used by Adams in the construction of the building.

"6) This $292 has not been paid.

"7) Defendant Adams purchased materials in the sum of $806 from plaintiff Builders Concrete Products Company which were used by Adams in the construction of the building.

"8) This $806 has not been paid.

"9 and 10) Plaintiffs filed a mechanic's lien on Harris' premises (after Adams abandoned the job).

"11 and 12) Defendant Harris has not paid Adams all sums due and owing and $1089 remains owing Adams by Harris by reason of Adams' work in constructing the building.

"Conclusions of Law

"1 and 2) Plaintiff Interstate Lumber should recover from defendant Adams $292 and plaintiff Builders Concrete Products Company should recover from defendant Adams $806.

"3 and 4) Plaintiffs have a valid materialman's lien against defendant Harris' property for the sum of $287 and $806, respectively."

Defendant Harris appeals to this court, contending that the Trial Court erred in finding that: 1) it would cost only $326 to complete the building; $1,089 remains due to contractor Adams from defendant Harris by reason of the construction; 3) Plaintiffs have a valid materialman's lien against defendant's property for the amounts found by the Trial Court.

■ It is the law that where an owner (defendant Harris in this case) employs a contractor to build a house for a sum certain, and makes payments to the contractor, but the contractor abandons the job before the completion of same; and creditors of the contractor file statutory affidavit asserting lien on the owner's property for material furnished the contractor; *but* completion of the house by another contractor absorbs the entire balance of the original contract price; then the creditors of the original contractor for materials furnished, acquire no rights against the owner and no lien against his property. See: Laredo Brick Co. v. Urdiales, Tex.Civ.App., 263 S.W.2d 332 (no writ history); Dudley v. Jones, 77 Tex. 69, 14 S.W. 335; Dudley v. Jones, Tex.Civ. App., 25 S.W. 994; Gollnick v. Fry, 119 Tex. 23, 23 S.W.2d 677.

■ In the instant case the record reflects that defendant Harris had a contract with contractor Adams whereby contractor Adams was to construct Harris a house for $2,500 on Harris' land; defendant Harris paid Adams $1,085 on the contract price and Harris made partial completion of the house; that Adams abandoned the job before completion of the house; that defendant Harris had others to finish the job; that plaintiffs had sold Adams materials in the amounts sued for for use in the job.

The Trial Court found that Adams had substantially completed the job when he abandoned it (Finding 3) and that it would cost only $326 to complete the building (Finding 4), and that $1,089 remains due and owing by defendant Harris to Adams (Finding 12). If the record sustains the foregoing findings the plaintiffs' asserted lien is good and the cause must be affirmed. The only question for determination therefore, by this court is, does the record sustain such findings? We think not. It is undisputed that defendant Harris actually paid contractor Mason $475 for labor only in completing the job. Witness Brotherton, a builder and contractor of 15 years experience, testified that the cost of completing the building was between $1,500 and $2,000; while defendant Harris testified that the actual cost of completing same was $1,539 (which amount included the $475 paid to contractor Mason). The only evidence in the record that it would only take $326 to complete the job was the testimony of Adams. It is undisputed that the contract called for a total consideration of $2,500, and that only $1,085 had been paid to Adams. We think it highly improbable that a contractor would abandon a job if he could have completed it for $326, and then collected approximately $1,415.

■ It is this court's duty to weigh and consider all of the evidence in the case—that which supports the findings and judgment, and that which does not—and to set aside the judgment and remand the cause if we conclude that the findings and judgment are so against the weight and preponderance of the evidence as to be manifestly unjust, regardless of whether there is some evidence of probative force to support it. Art. 5, Sec. 6, Texas Constitution, Vernon's Ann.St.; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Chantly v. Chrystal, Tex.Civ.App., 274 S.W.2d 765 (W/E Dis.); Griffin v. Griffin, Tex.Civ. App., 302 S.W.2d 447. This we have done, and after a careful consideration of all of the testimony in the case, we think that the findings of fact of the Trial Court 3, 4 and 12 supra are so against the weight and preponderance of the evidence as to require the facts to be re-examined.

The judgment of the Trial Court is Reversed and the cause Remanded.