**LENNOX INDUSTRIES, INC., Appellant,**

v.

**PHI KAPPA SIGMA EDUCATIONAL AND BUILDING ASSOCIATION, Appellee.**

**No. 11620.**

Court of Civil Appeals of Texas.

Austin.

July 10, 1968.

Procter & Jones, James H. Granger, Austin, for appellant.

Redwine & Lehtonen, Ras Redwine, Austin, for appellee.

HUGHES, Justice.

This suit was instituted on June 29, 1967, by Phi Kappa Sigma Educational and Building Association, owner of a recently constructed fraternity house, to remove the cloud upon its title to this house created by numerous mechanics and materialmen's liens. Appellant Lennox Industries, Inc. was one of the lien claimants named as defendant in this cause, having furnished materials used in the building's construction. Appellant, as defendant, answered and also filed its counterclaim seeking judgment against the owner in the amount of $7,018.62 for materials furnished, in addition to attorney's fees, interest and costs, and further seeking to foreclose its materialman's lien against the fraternity house and underlying property. The owner dismissed its suit against all lien claimants except appellant and two others. Appellee and appellant each moved for summary judgment and on February 1, 1968, the trial court granted appellee-owner's motion, holding that appellant and the remaining two lien claimants were not entitled to the liens they sought to foreclose. Appellant's motion for summary judgment was overruled, the trial court holding that appellant was entitled to neither money judgment nor establishment of its lien. From this judgment, appellant is the only lien claimant which has perfected its appeal.

The following facts are without dispute:

On May 19, 1965, Owner (appellee here) entered into a written contract with a general contractor, C. T. Schneider, for the construction of a fraternity house on Owner's property in Austin, Travis County, Texas. The contract price was $72,000.00. The agreement between Owner and C. T. Schneider did not cover the installment of mechanical items and Austin Mechanical Contracting Company was engaged by Owner to supply all labor and materials required to install the air conditioning, heating and plumbing for the building at a contract price of $23,954.00. A third contractor, A & R Electric Company, was engaged by Owner to furnish electrical material and to perform the attendant labor for the building at a contract price of $7,170.00. The total original contract price of the fraternity house was therefore $103,124.00.

Appellant is a manufacturer of air conditioning equipment and, at the special instance of Austin Mechanical Contracting Company, furnished air conditioning equipment and material worth $7,018.62 which was used in the construction of the fraternity house.

The contractor, Austin Mechanical Contracting Company, defaulted and failed to pay appellant for the material furnished, whereupon appellant timely gave notice to Owner of this unsatisfied indebtedness and filed its lien affidavit in accordance with and satisfying the requirements of the Lien Laws, Article 5453 et seq., Vernon's Ann. Tex.Civ.St.

At the time the contractor, Austin Mechanical Contracting Company, abandoned its contract and at the time appellant perfected its lien claim, the building had not been completed, and Owner thereafter completed the building at its own expense.

Prior to such abandonment, appellee had not received notice from appellant of its unpaid account. On February 14, 1966, prior to abandonment, contractor Austin Mechanical Contracting Company had submitted an estimate to Owner for a periodic payment. Such estimate indicated a total of $22,245.00 work completed to that date. Appellee-owner paid the amount requested, and total payments to the contrac-

tor, including the February 14th payment, equaled $20,020.00. No further payments were made to contractor.

The Owner employed other contractors to complete the work. The total cost to complete was $4,354.03. The funds still in the possession of the Owner at the time of abandonment were $3,934.00; therefore, the Owner sustained a loss of $420.03.

The Owner, appellee, did not retain any money to secure materialmen for thirty days after completion of the construction project.

Art. 5469, V.T.C.S. provides:

"Whenever work is done whereby a lien or liens may be claimed under Article 5452 hereof, it shall be the duty of the owner, his agent, trustee, or receiver to retain in his hands during the progress of such work and for thirty (30) days after the work is completed, to secure the payment of artisans and mechanics who perform labor or service, and to secure the payment of any other claimants furnishing material, or material and labor, or specially fabricated material for any contractor, subcontractor, agent, or receiver in the performance of such work ten per cent (10%) of the contract price to the owner, his agent, trustee, or receiver of such work, or ten per cent (10%) of the value of same, measured by the proportion that the work done bears to the work to be done, using the contract price or, if none, the reasonable value of the completed work as a basis of computing value. All persons who shall send notices in the time and manner required by this Act and shall file affidavits claiming a lien not later than thirty (30) days after the work is completed shall have a lien upon the fund so retained by the owner, his agent, trustee, or receiver; with preference to artisans and mechanics, who shall share ratably therein to the extent of their claims; with any remaining balance to be shared ratably among all other par-

ticipating claimants. If the owner, his agent, trustee, or receiver refuses or fails to comply with the provisions of this Article, then all claimants complying with the provisions of this Act shall share ratably among themselves, with preference to artisans and mechanics as above specified, liens at least to the extent of the aforesaid fund of ten per cent (10%) which should have been retained, as against the house, building, structure, fixture, or improvement and all of its properties, and on the lot or lots of land necessarily connected therewith, to secure payment of such liens."

We do not set out the provisions of Art. 5452, V.T.C.S., referred to in Art. 5469 for the reason that it is not contended that appellant does not qualify as a claimant under such article.

We state appellant's first two points in terms of appellee's counterpoint thereto, as follows:

"This judgment of the trial court should be affirmed because when the contractor abandoned the job prior to completion, the appellee-owner had the right to complete the work and apply all funds remaining in his possession to the cost of completion, and appellant-materialman acquired no rights against the appellee and is not entitled to a lien against appellee's property under Article 5469, Revised Civil Statutes."

The contract between appellee-owner and Austin Mechnical Contracting Co., contained this provision:

"* * * in such case (failure to complete), the contractor shall not be entitled to receive any further payment until the work is finished. If the unpaid balance of the contract sum shall exceed the expense of finishing the work including compensation for additional architectural, managerial and administrative services, such excess shall be paid to the contractor. If such expenses shall exceed such unpaid balance, the

contractor shall pay the difference to owner."

We quote from appellee's brief:

"In the instant case, when the owner completed the job after abandonment, it merely exercised its rights under the contract, which right has been upheld by the Courts in Texas for many years and appellant cites the following cases as controlling on this point: Dudley v. Jones, 77 Tex. 69, 14 S.W. 335 (1890); Fullenwider v. Longmoor, 73 Tex. 480, 11 S.W. 500 (18–89); Lonergan v. San Antonio Loan & Trust Co., 101 Tex. 63, 104 S.W. 1061 (1907); Ruberoid v. Scott, 249 S.W.2d 256 (Tex.Civ.App. Dallas, 1952, no writ); Laredo Brick Co. v. Urdiales, 263 S.W.2d 332 (Tex.Civ. App. San Antonio, 1953, no writ); Harris v. Interstate Lumber Co., 303 S.W.2d 950 (Tex.Civ.App. Waco 1957, no writ).

The most often cited case on this question is Lonergan v. San Antonio Loan & Trust Co., 101 Tex. 63, 104 S.W. 1061 (1907). In that case, the contractor failed to complete the building and the Supreme Court said in holding for the owner against the lien claimants:

'The proceeding prescribed by the statute by which a materialman is permitted to fix a lien for material furnished by him and used in the erection of an improvement does not create a debt against the owner of the property, but operates as a writ of garnishment would, and appropriates so much of the money in the hands of the owner as is then due and payable or may become due and payable to the contractor to the extent necessary to satisfy that claim.'

The Court further citing the Supreme Court in Fullenwider v. Longmoor, 73 Tex. 480, 11 S.W. 500 (1889):

'The lien acquired is, however, in all cases subordinate, and never superior, to the terms of the contract. No original indebtedness is created by establishing the lien. The debt of the own-

er of the property, as fixed by the contract, cannot be modified, changed, or enlarged by the proceedings fixing the lien. These proceedings do no more than establish a lien against the property for such amount as is unpaid and is payable by the terms of the contract when the proceedings are commenced. * * *' [End quote from 73 Tex. 480] The owner of the property is liable to the materialman only as he (the owner) would be liable to the contractor." [101 Tex. 63]

When these decisions were made there was no statute containing the substance of present Article 5469.

Art. 3176, R.C.S.1879, as amended by the Act of March 28, 1885, provided, in part, that after lien claimants had given notice to the owner of their claim that the owners "shall be authorized to retain in his hands the amount claimed until the same has been settled, or determined not to be due."

In 1909, the Legislature, Acts 1909, p. 184, Art. 5638, R.C.S.1911, enacted the substance of present Art. 5469 except that it did not include claimants furnishing material and other claimants who were included in the amendment to Art. 5469 in 1961. Acts 1961, ch. 382, Sec. 9, p. 869 (57th Leg.Reg. Sess.)

Because of the statutory differences which we have noted, we do not consider authorities prior to the 1909 amendment to be controlling.

Ruberoid, Laredo Brick and Harris, supra, involved only the claims of materialmen who at such times, 1952, 1953 and 1957, respectively, were not protected by the retainage provision of Art. 5469 and such article was not mentioned in the opinions of the Courts in those cases.

The following cases hold that an owner who does not withhold the 10 per centum required by Art. 5469 is liable in such amount to those protected by such article and, except for the circumstances in W and W, is entitled to a lien on the land and im-

provements which are the subject of the contract. General Air Conditioning Co. v. Third Ward Church of Christ, 426 S.W.2d 541, Tex.Sup. (1968); Hunt Developers, Inc. v. Western Steel Company, 409 S.W.2d 443, Tex.Civ.App., Corpus Christi, n. w. h. and W and W Floor Covering Co. v. Project Acceptance Company, 412 S.W.2d 379, Tex.Civ.App.Austin, n. w. h. (1967). See also Henderson v. Couch, 274 S.W.2d 844, Tex.Civ.App.Eastland, n. w. h. (1955).[1]

■ Appellee urges upon us the equities of the case and the resulting hardship to the owner in the event we hold for appellant. There are equities on both sides. Hardship will result regardless of how we hold. These matters are for legislative consideration. We have followed the plain letter of the law and judicial precedent and having done so, our responsibility ends. We sustain appellant's first two points and overrule appellee's counterpoint thereto.

■ The remaining question to be determined is whether appellee was required to retain under Article 5469 ten per centum of the total of the three original contracts for the construction of the building or only ten per centum of its contract with Austin Mechanical Contracting Company. This question is presented by appellant's point three and appellee's second counterpoint.

We hold that appellee is liable to appellant only for failure to retain ten per centum of the contract price agreed to be paid Austin Mechanical Contracting Company.

Art. 5452, subd. 2, par. e, V.T.C.S., defines "original contractor" and "original contract" and provides that "There may be one or more original contractors."

Art. 5469, supra, provides that it shall be the duty of the owner to retain "10% of the contract price to the owner * * * to secure * * * the payment of * * * claimants furnishing material * * * for any contractor * * *."

This Article prior to its amendment in 1961 provided, in part, that the owner should retain " * * * ten per cent of the contract price of such building, fixture or improvement * * *."

■ The change in legislative language implies change in meaning. This change, clear to us, is that the amount of required retainage is no longer necessarily measured by the contract price of the building but is measured by the contract price, one or more, to the owner. This construction of the statutes is fair to the owner, the contractors and fair to the statutory beneficiaries who deal with a particular contractor.

Appellee gives the illustration that under the three original contracts in this case if 10% of their total must be withheld from the beginning from all contractors and the electric contract of $7,170.00 was completed first then the owner could not pay any part of this amount because it is less than the 10% required to be retained until 30 days after completion of the structure. Appellant's answer to this dilemma is that the contractor could avail himself of the bond provisions of Art. 5472d, V.T.C.S. or that the owner could ascertain that all protected accounts had been paid before paying his contractor. Appellee's answer to this is that such statutory provisions are not mandatory and that the statutes put the burden on claimants to give notice of their claims and not on the owner to ascertain that all protected claims are paid. Both of these argu-

---

1. See 14 S.W.L.J. 469, 490 (1960), The Acquisition of Mechanics' and Materialmens' Liens on Non-Homestead Property, where a conflict beween the opinion of this Court in Miller v. Harmon, 46 S.W. 2d 342, n. w. h. (1932) and Art. 5463 was noted. This conflict, if it existed, was eliminated by the amendment of Art. 5463 in 1961, the pertinent portion of which reads:

"The owner shall in no case be required to pay, nor his property be liable for, any money, other than that required to be retained by him under the provisions of Article 5469 hereof, that he may have paid to the contractor before he is authorized under this Article to retain the money."

ments have weight. We do not determine their relative merits because under our construction of Art. 5469, it is unnecessary. We do say that the illustration posed and the ensuing complexities have aided us in resolving this question. We overrule appellant's third point and sustain appellee's second point. Regrettably, this holding puts us in conflict with Hunt Developers, supra.

We are unable to render judgment because an issue of fact remains as to reasonable attorney's fees.

The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with this opinion.

Reversed and Remanded.