JOHN H. MULLER v. H. P. McLAUGHLIN ET AL.

Decided December 16, 1904.

**1.—Mechanic's Lien—Materialman—Personal Judgment.**

The material man furnishing notice of his claim to the owner of the property before the latter has settled with the contractor becomes entitled, under the mechanic's lien law, to a personal judgment for the money against such owner.

ON MOTION FOR REHEARING.

**2.—Same—Homestead—Lien.**

Where the property improved is homestead and the contract for improvement is not signed by the wife, no lien can be established against it, and the material man serving notice in accordance with the statute upon the owner

before settlement with the contractor obtains neither lien nor the right to a personal judgment against the owner; he can reach such indebtedness only by garnishment.

Error from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Andrews, Ball & Streetman,* for plaintiff in error.—1. Where, in an action to foreclose a mechanic's lien against the owner of a building, the court determines that no lien exists, and the evidence fails to show any privity of contract between the materialman and the property owner, it has no authority to render a personal judgment against defendant for the amount of the lien. Waldroff v. Scott, 46 Texas, 4; Hawkins v. Hovey, 1 Texas Civ. App., 395; International & G. N. R. R. Co. v. Hutchins, 1 Texas Civ. App., 123; Sens v. Trentine, 54 Texas, 220; Green v. Sprague, 11 N. E., 859; Faulkner v. Colshear, 39 Ind., 201; Hildebrandt v. Savage, 30 Pac., 643; Meyer v. Beach, 79 N. Y., 409; Burroughs v. Fosteran, 75 N. Y., 567; Haltzell v. Hynes, 35 Mo., 482; Hassett v. Rust, 64 Mo., 325; Hubbell v. Schreyer, 56 N. Y., 604; McGrew v. McCarty, 78 Ind., 496; Hardware Co. v. McConnell, 14 Sou., 768; Farrell v. Lumber Co., 40 N. W. Rep., 25; Willverding v. Offineer, 54 N. W. Rep., 592; Gilliam v. Black, 40 Pac. Rep., 308; Mentzer v. Peters, 33 Pac. Rep., 1078; Schmeiding v. Ewing, 57 Mo., 78; Hodgson v. Billson, 12 Kan., 568; Williams v. Porter, 51 Mo., 441; Donnelly v. Libby, 31 N. Y., 259; Eisenbers v. Wakeman, 28 Pac. Rep., 923.

2. The property on which the material was used was the homestead of defendant, his wife and children, and there was no effort or pretense to fix a lien on the property in the manner required to fix a lien on a homestead, and the court found no lien existed on the property, and there is no evidence in conflict with this finding.

*Byers & Byers,* for defendant in error.—The trial court having acquired jurisdiction of the case for the purpose of deciding from the evidence whether or no plaintiff was entitled to a foreclosure of his alleged materialman's lien on the property of defendant, acquired jurisdiction for all purposes, and had authority to render a personal judgment against defendant for the value of the material furnished and used in the improvements, even though the amount was less than would, standing alone, confer jurisdiction on the District Court. Ablowich v. Bank, 4 Texas Ct. Rep., 763.

The material furnished by defendant in error having been used by the contractor in the improvements erected for the plaintiff in error, and defendant in error having notified plaintiff in error in writing (as required by statute) of the fact that he had furnished such material to the contractors, used in the erection of such building, and of the value thereof, and it further appearing that at the time such notice was served plaintiff in error had in his hands money due the contractor far in excess of the amount due defendant in error for such material, in the absence of innocent purchasers, or the rights of other lienors,

judgment was properly rendered against plaintiff in error for the value of the material so furnished. Rev. Stat., arts. 3305, 3306, 3307, 3308; Delauney v. Butler, 55 S. W. Rep., 752; Riter v. Houston Oil Co., 48 S. W. Rep., 760; Bassett v. Mills, 89 Texas, 167; Strang v. Pray, 89 Texas, 527; Johnson v. Amorilla Impl. Co., 88 Texas, 511; Bank v. Taylor, 91 Texas, 80; Padgitt v. Construction Co., 92 Texas, 628; Fullenwider v. Longmoor, 73 Texas, 482.

GILL, ASSOCIATE JUSTICE.—The firm of McLaughlin & Co. sued John H. Muller to enforce a materialman's lien against a house and lot of defendant for $71, and to recover the sum named, alleging service of notice at a time when he owed the contractor a sum sufficient to cover plaintiff's claim. Defendant answered denying the allegations of plaintiff and averred that the property on which the lien was sought to be fixed was homestead. The court, sitting without a jury, gave plaintiff a personal judgment for the sum claimed, but held that there was no lien.

Defendant has appealed and claims here that in no event could there be a personal judgment against him, and no lien being established judgment should have been for defendant.

Briefly stated the facts are as follows: The property was the homestead of defendant. He entered into a written contract with Munson & Co. to erect a house thereon. The contractors employed Ben Mounds as a subcontractor to do certain parts of the work. Plaintiffs as materialmen furnished Mounds certain material to the value of $71 which was actually used in the construction of the house. Plaintiffs served upon defendants a written statement of the material thus furnished but did nothing further toward fixing their lien.

At the time the notice was served defendant had ample funds due the contractor. He afterwards settled with the contractor in full, not withholding any sum for plaintiff, but took a bond from the contractor to indemnify him against this or any other claim of laborers or materialmen. This suit is being defended in behalf of and at the expense of others than defendants. Defendant admitted that his plea of homestead would not be good against the contractors.

The case seems to come within the provisions of articles 3305, 3306 and 3307 of the Revised Statutes as construed by our courts. The first article above cited provides for notice to the owner as given in this case. The second declares that the liability of the owner may thus be fixed. The third requires the owner in such case to furnish the contractor with a copy of the account thus served, in which event, if the contractor does not within ten days give the owner a written notice that he will contest the claim, the owner may pay it when it falls due. In Delauney v. Butler, 55 S. W. Rep., 752, the exact point was ruled in plaintiff's contention here.

We are of opinion the judgment should be affirmed, and it is so ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

GILL, ASSOCIATE JUSTICE.—At a former day of this term the judgment in this case was affirmed by this court, our reasons being briefly stated in an opinion then filed.

A careful consideration of the motion for rehearing has convinced us that our conclusion was erroneous. It is well established as a general rule that the holder of a mechanic's, laborer's or materialman's lien is not by force of that fact alone entitled to a personal judgment against the owner of the property. Waldroff v. Scott, 46 Texas, 4; Sens v. Trentune, 54 Texas, 220.

In disposing of this appeal we were not unmindful of its existence. We affirmed the judgment on the ground that appellees had at least a potential lien at the time notice was served upon the owner and for that reason under articles 3305, 3306 and 3307 of the Revised Statutes it operated somewhat in the nature of a writ of granishment upon such funds as were due the contractor by the owner at the date of service of the notice. Fullenweider v. Longmoor, 73 Texas, 482.

Our error grew out of a misapprehension of the pleadings and the facts brought about by the statement in the testimony and the brief that the owner had entered into a written contract with the contractor against which the plea of homestead would not prevail.

The situation is in fact as follows: The court found specifically that the premises were homestead and that there was no lien. This finding is not assailed by cross-assignment and must be treated as true. The owner was the head of a family and the contract was not signed by his wife. This being true, it is not possible under the facts of this case that by any subsequent act could either the contractor or those acting under him acquire a lien against the property. It is further true that appellee made no response to the plea of homestead and alleged no facts which would have entitled him to a lien notwithstanding the homestead character of the property, hence the plea of homestead if established was a complete defense to the action as brought. The liability of the owner to the contractor was a simple debt which could have been subjected to the claims of subcontractors and materialmen by garnishment only. It is not pretended that appellee had any sort of contract with the owner.

Appellees contend that under the constitution they had a lien under the facts shown, though by reason of the homestead character of the property it was unenforceable. We can not accede to the proposition. The constitution allows no liens upon the homestead except those created in a prescribed way.

Personal judgments against the owner of property upon which a lien exists are, in the absence of privity of contract, allowable only when authorized by statute. Phillips on Mech. Liens, secs. 446 and 447.

We were of opinion on the former hearing that as under art. 3304 of the Revised Statutes the contract duly executed between the owner and the original contractor in such form as to create a lien upon the homestead inured to the benefit of mechanics, laborers and materialmen acting under it in furtherance of the work, appellees had at least a potential

lien at the date of service of notice upon the owner and in that view we held that the case of Delauney v. Butler, 55 S. W. Rep., 752, was in point.

It is clear to our minds that appellees were not entitled to their personal judgment in the absence of at least a potential lien at the date of service of notice upon the owner.

That the lien must be existent is ruled in Fullenweider v. Longmoor, 73 Texas, 484, the court saying: "If the owner of the property is indebted to the contractor the service of the notice if followed by the acts required to fix the lien secures the fund as does a writ of garnishment in an ordinary case."

It is clear upon principle and authority that in the absence of privity of contract the right to personal judgment under the statute is dependent at least upon the right to a lien. No such lien being shown and none such being alleged as against the property if found to be homestead, and the court having distinctly found that the property was homestead or defendant, it follows that the judgment can not stand.

The motion for rehearing is granted. The judgment of the trial court reversed and the cause remanded.

*Granted.*

Reversed and remanded.