Texas Glass & Paint Company et al. v. J. C. Crowdus et al.

No. 2472.   Decided April 11, 1917.

**1.—Mechanics' Lien—Sub-contractor—Notice.**

A sub-contractor furnishing the contractor materials for constructing a building is not entitled to enforce a lien against the property for his debt where he fails to serve the owner with written notice of his claim as required by article 5623 (3296) Revised Statutes. Berry v. McAdams, 93 Texas, 453, and other cases followed.   (P. 351.)

**2.—Building Contract—Bond—Action by Sub-contractor.**

A building contractor and his sureties giving bond to the owner of the property to pay all indebtedness to be incurred by the contractor in carrying out his undertaking and complete the same free of all mechanics' liens, with provision that same is made for the benefit of and may be sued on by all persons who may become entitled to liens, were liable thereon to sub-contractors furnishing materials for the work, though the latter failed to fix such liens by complying with the statute (Rev. Stats., art. 5623). Bullard v. Norton, 107 Texas, 571, followed.   (Pp. 351, 352.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Tarrant County.

The Southwestern Iron Company brought suit against Turner and others and the Texas Glass & Paint Company intervened. Both companies appealed from the judgment, which was thereupon reformed and affirmed, and both obtained writs of error on separate applications.

*Dedmon & Potter,* for Texas Glass & Paint Company, plaintiff in error.—The Court of Civil Appeals erred in holding that the Texas Glass & Paint Company was not entitled to a judgment against said J. D. Turner and Adams-Simpson Lumber Company on the bond executed to J. C. Crowdus, the owner of said building, by said Turner, and signed as surety by said lumber company, for the amount of its claim, and in not allowing it participation in funds paid into court. Republic Guar. & S. Co. v. Cameron, 143 S. W., 317; Guinn v. Wright, 86 N. E., 453.

*Bryan & Spoonts,* for Southwestern Iron Company, plaintiff in error.—The Constitution gives the lien, and the provisions concerning notice and registration of the claim are important only for the protection of the owner of the property or innocent purchasers or subsequent incumbrancers. Padgitt v. Construction Co., 51 S. W., 529; Texas Builders Sup. Co. v. National L. & I. Co., 22 Texas Civ. App., 349, 54 S. W., 1061; Farmers & M. Natl. Bk. v. Taylor, 91 Texas, 78; Strang v. Pray, 89 Texas, 525; Bassett v. Mills, 89 Texas, 162; June & Co. v. Doke, 35 Texas Civ. App., 240, 80 S. W., 403; Delauney v. Butler, 55 S. W., 752; Blakeney v. Nalle & Co., 101 S. W., 876; Jennings v. Willer, 32 S. W., 24; Beilharz v. Illingsworth, 132 S. W., 106; Guinn v. Wright, 86 N. E., 453.

*Townes & Vinson* and *W. O. Higgins* also filed argument for both plaintiffs in error.

*F. H. Haddix* (*C. B. Ambrose* also filed argument) for Adams-Simpson Lumber Co., defendant in error.—The failure of the subcontractor, Southwestern Iron Company, to give the owner notice in writing of its claim is fatal to its claim of lien. Berry v. McAdams, 93 Texas, 431; Meyers v. Woods, 95 Texas, 67; Lonergan v. San Antonio Trust Co., 101 Texas, 80.

The doctrine that the Constitution gives the lien and no compliance with the statutes is necessary has uniformly been restricted to transactions had direct with the owner; it has never been extended to transactions between the contractor and a subcontractor. Strang v. Pray, 89 Texas, 525; Baxter Lumber Co. v. Nickell, 24 Texas Civ. App., 519, 60 S. W., 451; Faber v. Muir, 27 Texas Civ. App., 27, 64 S. W., 940; James v. St. Paul's Sanitarium, 24 Texas Civ. App., 664, 60 S. W., 322.

The acceptance of the order by the owner under the circumstances here existing placed the property beyond the reach of subsequent attempts to fix a lien. Clark v. Gillespie, 70 Texas, 513; Harris Co. v. Campbell, 68 Texas, 28; House v. Schultze, 21 Texas Civ. App., 243, 52 S. W., 655; South Texas Lbr. Co. v. Concrete Construction Co., 139 S. W., 913; Campbell v. Grant, 82 S. W., 794; Beilharz v. Illingsworth, 132 S. W., 106.

The right to a lien being a necessary condition to a suit on the bond

and it having been shown that no lien or right thereto existed in the foregoing argument on the right to sue on the bond, it is submitted that the same argument proves that no right existed to sue for the enforcement of a lien.

MR. JUSTICE YANTIS delivered the opinion of the court.

On December 10, 1909, J. C. Crowdus contracted in writing with J. D. Turner, a contractor, to build for him a two-story brick building in the City of Fort Worth, Tarrant County, Texas, for the sum of $8905. Turner was to furnish all material. He gave a bond binding himself and his surety, the Adams-Simpson Lumber Company, unto J. C. Crowdus, as well as to all persons who might become entitled to liens under the builder's contract, which was executed at the same time between said Turner and said Crowdus in the sum of $4452.50, to be paid to said J. C. Crowdus and to said parties who may be entitled to liens, their executors, administrators or assigns. The bond which Turner gave was as follows:

"*Know all men by these presents:*

"That we, J. D. Turner and Adams-Simpson Lumber Company of the City of Fort Worth, County of Tarrant, and State of Texas, are held and firmly bound unto J. C. Crowdus of said county and State, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned, in the sum of $4452.50, lawful money of the United States of America, to be paid to the said J. C. Crowdus, and to said parties who may be entitled to liens, their executors and administrators, or assigns, for which payment, well and truly to be made, we bind ourselves, one and each of our heirs, executors and administrators, jointly and severally firmly by these presents.

"Sealed with our seals, dated this 10th day of December, 1909.

"The condition of this obligation is such that if the above bounden J. D. Turner, his executors, administrators, or assigns, shall in all things stand to and abide by, and well and truly keep and perform the covenants, conditions and agreements in the above mentioned contract, entered into by and between the said J. D. Turner and the said J. C. Crowdus, dated on the 10th of December, 1909, for the construction of work or works on the lot mentioned on the foregoing contract, and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said J. D. Turner in carrying out the said contract, and complete the same free of all mechanics' liens and shall truly keep and perform the covenants and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified, as well as all costs, including attorney's fees, in enforcing the payment and collection of any and all indebtedness incurred by the said J. D. Turner in carrying out the said contract, then the above obligation shall be void, else to remain in full force and effect.

"This bond is made for the use and benefit of all persons who may

become entitled to liens under the said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person."

The Southwestern Iron Company, one of the plaintiffs in error, sold to Turner a quantity of material aggregating in value the sum of $536. This material was delivered to Turner about the 1st of February, 1910, construction of the building having been begun on January 4, 1910. The sale of this material was evidenced by a written contract which mentioned no date of payment, but by parol evidence it was shown to have been agreed that payment was to be made within thirty and sixty days after delivery. The Southwestern Iron Company filed with the county clerk of Tarrant County, with the view of fixing a lien upon the building, its written contract, with an itemized statement of the material sold to Turner. While the building was being constructed, and prior to March, 1910, the Adams-Simpson Lumber Company also furnished Turner material to be used in the construction of the building. On March 12, 1910, Turner made a written assignment to the Adams-Simpson Lumber Company of all that might be or become due to him from Crowdus under the contract for the construction of the building. On that day Turner owed the Adams-Simpson Lumber Company a sum exceeding $1100. The said assignment was presented to and accepted by the agent of Crowdus. On February 2, 1910, Turner purchased from the Texas Glass & Paint Company, one of the plaintiffs in error, for use in the construction of the building material aggregating in value $308.76, to be paid for on delivery. The Texas Glass & Paint Company did not attempt to fix any lien by filing its account with the county clerk. When Turner completed the building there was due him by Crowdus $1086.15, but the claims of these three creditors were unpaid.

The Southwestern Iron Company, one of the plaintiffs in error, instituted this suit in the District Court of Tarrant County, Texas, against J. D. Turner, the Adams-Simpson Lumber Company and J. C. Crowdus, in July, 1910. By amended petition it sought a judgment for the full amount of its debt and $100 at attorney's fees, the foreclosure of its lien against the building and lot upon which it was situated, and a personal judgment against the Adams-Simpson Lumber Company. Later the Texas Glass & Paint Company, one of the plaintiffs in error, intervened and sued upon its said claim for the value of the material which it had furnished Turner, and prayed for similar relief to the extent of its debt. The Adams-Simpson Lumber Company answered by exceptions and denials, and in addition filed a cross-bill containing two counts. In the first count it set up the assignment from Turner by which the balance due on the contract was transferred to it and asked judgment against Crowdus for that sum. In the second count it set up the contract by which it furnished material in the value of $1841.25 used in the construction of the building, and alleged compliance with the statute in fixing its lien. It also set up an account which had been assigned to it, amounting to $294.77, for material fur-

nished by other parties, and this, too, it alleged, was secured by lien on the building. It asked for judgment against Turner, and for a foreclosure of its lien against the building and lot.

During the progress of the trial Crowdus was permitted, by agreement among the parties, to pay into court, and be discharged from any further liability, the balance due by him to Turner on the contract price of $1086.15. The case was tried before the court without a jury. The trial court rendered judgment dismissing C. D. Simpson and T. J. Adams, two of the defendants who had not been cited to appear, giving judgment in favor of the Texas Glass & Paint Company against the defendant, J. D. Turner, in the sum of $308.73, with six per cent interest from the date of the judgment, and denied a lien against the property of said J. C. Crowdus, or a foreclosure thereof. It rendered judgment in favor of the Southwestern Iron Company against the defendant, J. D. Turner, in the sum of $536, with six per cent interest from March 28, 1910, and the further sum of $50 attorney's fees, and further ordered that it recover one-half of the amount of judgment rendered in its favor against Turner, towit: the sum of $268, with six per cent interest from March 28, 1910, and $50 attorney's fees, out of said $1086.15, which had been deposited in the registry of the court by Crowdus as the amount still owing by him to Turner, and directed the clerk of the court to pay said two sums out of said fund. And also judgment in its favor against the Adams-Simpson Lumber Company for the sum of $268, with six per cent interest from March 28, 1910, and $50 attorney's fees. It was further ordered by the judgment of the court that the Adams-Simpson Lumber Company have and recover the balance of said sum of $1085.15, towit: $757.03, and directed the clerk of the court to pay the latter amount to the Adams-Simpson Lumber Company.

The judgment of the court further ordered that all liens claimed by the parties to the suit against the property of the defendant, Crowdus, be cleared and removed, denying to all the parties a foreclosure or any judgment of any kind against Crowdus.

Appeal was taken from this judgment by the Adams-Simpson Lumber Company, the Texas Glass & Paint Company, and the Southwestern Iron Company, to the honorable Court of Civil Appeals for the Sixth District. In that court the judgment of the District Court was affirmed as to the Texas Glass & Paint Company, and reformed in other respects so that the Adams-Simpson Lumber Company should have judgment for the full amount of the balance which Crowdus owed to Turner, $1086.15, which had been paid into court. It gave the Southwestern Iron Company its judgment against Turner for the full amount of its debt, but denied to it any judgment on the bond against the Adams-Simpson Lumber Company, and any right to participate in the distribution of the fund which had been paid into court by Crowdus. 147 S. W., 620.

Both the Southwestern Iron Company and the Texas Glass & Paint Company came here on petitions separately filed for writ of error. The

writ was granted in each instance. The question, therefore, presented to us is as to the correctness·of the judgment of the trial court and of the Court of Civil Appeals in relation to their claims.

The undisputed evidence shows that neither the Southwestern Iron Company, one of the plaintiffs in error, nor the Texas Glass & Paint Company, served Crowdus with any written notice of their claims against Turner. This was an essential thing for them to do as fixed by the statute in order for them to secure a lien upon the building and lot. Having defaulted in the service of said written notice of their claims they did not acquire a lien on said property. Berry v. McAdams, 93 Texas, 435, 55 S. W., 1112; Johnson v. Amarillo Improvement Company, 88 Texas, 511, 31 S. W., 503; Horan v. Frank, 51 Texas, 404; Fullenwider v. Longmoor, 73 Texas, 480, 11 S. W., 500.

We think, however, that the Southwestern Iron Company and the Texas Glass & Paint Company are each entitled to a judgment in the amount of their respective claims sued upon against J. D. Turner, and against the Adams-Simpson Lumber Company as surety on his bond. As will be seen, the bond is made payable to all parties who may be entitled to liens, and provides:

". . . and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said J. D. Turner in carrying out the said contract, and complete the same free of all mechanics' liens and shall truly keep and perform the covenants and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified. . . ."

This provision of the bond, when construed in connection with that provision of the bond contained in the last paragraph thereof, to the effect that the bond is made for the use and benefit of all persons who "may become entitled to liens under the said contract according to the provisions of law in such cases made and provided and may be sued upon by them as if executed to them in proper person" evidences the intention of the makers of the bond to secure the payment and the discharge of all indebtedness incurred by Turner in carrying out the building contract, whether or not the parties in whose favor the debts were due did the things necessary to fix their liens upon the property. Under this bond the surety became liable for the debts of the plaintiffs in error which were incurred by Turner in the construction of the building. The facts show that the plaintiffs in error each were entitled to fix a lien upon the property. The bond plainly provides to secure the discharge of such debts, regardless of whether the liens were in fact fixed. The bond was thus substituted for the liens, leaving the property of Crowdus unincumbered by such liens. The identical same question was passed upon by this court in the case of Bullard et al. v. Norton et al., 107 Texas, 571, 182 S. W., 668. A discussion of the question will be found in that case, for which reason an extended dis-

cussion seems unnecessary here.    This case is controlled by our holding in that case.

The judgment of the Court of Civil Appeals should be reversed and rendered in favor of the Southwestern Iron Company and of the Texas Glass & Paint Company against the Adams-Simpson Lumber Company, to the extent that they each have judgment against the Adams-Simpson Lumber Company, as surety on the bond of J. D. Turner, for their debts in the same sums for which they recovered against said Turner. In other respects the judgment of the Court of Civil Appeals is in all things affirmed.    Reversed and rendered in part and affirmed in part, as indicated.

*Affirmed in part; and in part reversed and rendered.*