BURK BURNETT–MANN OIL CO. v. ROB-
ERTSON. (No. 1942.)

(Court of Civil Appeals of Texas. Amarillo.
March 29, 1922. Rehearing Denied
May 3, 1922.)

1. Mines and minerals ☞109—Owner of lease not personally liable for work and material supplied to contractor.

Where a company owning an oil lease contracted with another company to drill and operate a well for a share of the oil, the latter was a sublessee or an independent contractor, and for a debt due for work done for and material furnished to the latter the former would not be personally liable.

2. Mines and minerals ☞112(2)—No lien for work and material supplied to contractor under statute providing for liens under contracts with owner of lease.

For work and material supplied to one contracting to drill and operate an oil well for the owner of a lease, there is no lien under Vernon's Ann. Civ. St. Supp. 1918, art. 5639a, providing for a lien for work and material supplied under a contract with the owner.

3. Mines and minerals ☞114 — No lien for work and material supplied contractor, when not fixed and secured by notice required by statute.

There can be no lien under Const. art. 16, § 37, and Vernon's Ann. Civ. St. Supp. 1918, art. 5639b, for work and material supplied to a contractor drilling and operating an oil well, where it is not fixed and secured by a notice, as required by article 5639d and Rev. St. art. 5623.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by Brooks Robertson against the Burk Burnett-Mann Oil Company and the Mc-Ton Oil Company. From a judgment for plaintiff, the first-named defendant appeals.

Affirmed as to defendant McTon Oil Company, and reversed as to defendant Burk Burnett-Mann Oil Company.

T. F. Hunter and W. L. Scott, both of Wichita Falls, for appellant.

J. A. Hughes, of Wichita Falls, for appellee.

BOYCE, J. Brooks Robertson sued the McTon Oil Company and the Burk Burnett-Mann Oil Company, to recover the value of material furnished and labor performed for the defendants, it was alleged, in the operation of an oil well, and also to foreclose a laborer's and materialman's lien. The trial was before the court, and resulted in judgment for the plaintiff against the defendants jointly and severally and for foreclosure of the alleged lien. The Burk Burnett-Mann Oil Company appeals.

The Burk Burnett Company was the owner of an oil lease on a certain tract of land in Burk Burnett, and entered into a contract with the McTon Company, under the terms of which said last-named company agreed to furnish at its own expense all labor, material, and machinery, and drill a well on said premises, equip the same, furnishing everything necessary "for putting the oil into the pipe lines," and to operate same at its own expense (except in a certain contingency not alleged to have come about), receiving as the consideration for its said undertaking "7/16 of all oil produced and saved from said well." The McTon Company drilled the well and employed the plaintiff as a pumper to run the oil pump, which it operated on said premises, and also agreed to pay the plaintiff for material and supplies furnished by him in doing this work. The Burk Burnett Company had nothing to do with this employment, and the plaintiff worked under the direction of the McTon Company, and looked to it for payment for his services. In due time the plaintiff filed and recorded in the proper records itemized accounts of the labor performed and material furnished under his contract with the McTon Company. These accounts were made out against the McTon Oil Company, and it was stated therein that the labor was performed under contract with the said company. No written notice of the claim was given to the Burk Burnett Company.

[1] We do not think that the Burk Burnett Company and the McTon Company became partners, by reason of the facts detailed, in the matter of the drilling and operation of the oil well on the lease owned by the Burk Burnett Company; nor do we think that the McTon Company is to be regarded as a mere agent of the Burk Burnett Company so as to impose liability on said company for obligations incurred by the McTon Company in carrying out its contract. The McTon Company is to be regarded, we think, either

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as a sublessee or independent contractor, receiving in lieu of a fixed sum as compensation for its services, under the contract, a stated per cent. of the oil produced and saved from the premises. Paris Mercantile Co. v. Hunter, 74 Ark. 615, 86 S. W. 808, notes, 65 L. R. A. 467, 654, 17 L. R. A. (N. S.) 371 et seq; Laffery v. U. S. Gypsum Co., 83 Kan. 349, 111 Pac. 498, 45 L. R. A. (N. S.) 931, Ann. Cas. 1912A, 590. It would follow from this conclusion that there would be no personal liability on the part of the Burk Burnett Company for the debt due the plaintiff.

[2] The answer to the further question as to the extent of the plaintiff's lien is to be determined from the provisions of the Constitution and statutes and the construction the courts have placed thereon. The provision of the Constitution invoked by appellee, with which all are familiar, is contained in article 16, par. 37, of the Constitution. The statutory provisions relied on are articles 5639a to 5639g, Vernon's Sayles' Civil Statutes 1918 Supp., enacted in 1917. Article 5639a makes provision for a lien when labor or material is supplied under a contract with the owner of any oil or mineral leasehold interest in land. As the plaintiff had no contract with the Burk Burnett Company as owner, it is obvious that no lien can be claimed against its interest in the property by reason of this article of the statute.

[3] Article 5639b provides for a lien where the material is supplied to or labor performed for a contractor or subcontractor, and if the plaintiff is entitled to any lien at all, it must be by virtue of this article of the statute. Article 5639d provides that—

"The liens herein created shall be fixed and secured and notice thereof shall be given and such lien shall attach and be enforced in the same manner, and materialman's statement, or the lien of any laborer herein mentioned shall be filed and recorded within the same time, and in the same manner as provided for in chapter 2, title 86, entitled 'Liens,' of the Revised Statutes of 1911, of the state of Texas, relating to liens for mechanics, contractors, dealers and materialmen as the same now exists or may hereafter be amended."

Under article 5623, Revised Statutes, it being one of the articles of chapter 2, title 86, above referred to, a laborer or materialman, having a claim for labor or material against a contractor or subcontractor, was required to give written notice thereof to the owner within a stated time, and it is definitely settled that such notice is necessary to the creation of the lien. Glass & Paint Co. v. Crowdus, 108 Tex. 346, 193 S. W. 1072; First National Bank v. Lyon-Gray Lumber Co., 110 Tex. 162, 217 S. W. 133; Burns & Hamilton Co. v. Denver Investment Co. (Tex. Civ. App.) 217 S. W. 719. While one having a claim for labor or material under a contract direct with the owner of the premises being im-

proved acquires a lien by virtue of the provision of the Constitution, and is not, as between the parties at least, required to follow the statutory provisions as to record and notice, this is not true of one whose claim arises under a contract with a contractor or subcontractor. Therefore, if the relation between the Burk Burnett Company and the McTon Company is that of owner and contractor (and we certainly think that the facts would warrant no other conclusion more favorable to the plaintiff), and if it be further conceded that the labor of the kind performed by the plaintiff comes within the terms of the Constitution, yet the plaintiff wos not entitled to a lien against the property of the Burk Burnett Company for labor performed for the McTon Company, because no written notice was given to the Burk Burnett Company of such claim.

The judgment of the trial court will be affirmed as to the McTon Oil Company, and reversed and rendered as to appellant.