### HUFFMAN v. McDONALD. (No. 7139.)

(Court of Civil Appeals of Texas. San Antonio. April 9, 1924. Rehearing Denied April 30, 1924.)

Mechanics' liens ⏤115(4)—In absence of timely notice, subcontractor had no lien against owner as "mechanic" or "artisan."

Subcontractor, not giving notice required by Vernon's Ann. Civ. St. Supp. 1918, art. 5623. before owner's payment in full to contractor on completion of contract, had no lien under article 5623 or article 5621; he not being "mechanic" or "artisan," for whose protection owner is required by Vernon's Sayles' Ann. Civ. St. 1914, art. 5638, to withhold payment until 30 days after completion of contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Artisan; Mechanic.]

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by J. B. Huffman against Wm. M. McDonald. Judgment for defendant, and plaintiff appeals. Affirmed.

Capps, Cantey, Hanger & Short and E. A. McCord, all of Fort Worth, for appellant.

Slay, Simon & Smith and Ogden K. Shannon, all of Fort Worth, for appellee.

SMITH, J. McDonald, the appellee, entered into a contract with Nichols & Co., a nonresident concern, to make and install in place a monument to be set up on McDonald's lot in a cemetery in the city of Fort Worth. Nichols & Co., constructed the monument, shipped it to Fort Worth, and there made an

oral contract with Huffman, appellant herein, employing him to move the monument from the railroad car to the cemetery, and there set it up in furtherance and completion of the contract between Nichols & Co., and McDonald, who under that contract was to be at no expense whatever in the matter, except to pay Nichols the sum of $6,000 for the completed job. The latter agreed with Huffman to pay him $1,350 for hauling and setting up the monument in place, and in pursuance of the agreement Huffman employed teams and men, and had the work done as planned. When the job was done, Nichols & Co.'s representative paid Huffman $750, and agreed to pay him the balance of $600, but did not do so. Subsequently Huffman gave written notice to McDonald of his claim against the original contractors for the balance they owed him on his subcontract, and undertook to fix the mechanics' and laborers' and subcontractors', lien provided for in articles 5621, 5623 and 5638 of the statutes, by filing with the county clerk affidavit of his claim, which he itemized as follows:

Fort Worth, Texas, Dec. 29, 1920.

Nicholas & Company, Chicago, Ill., in Account with J. B. Huffman, Contractor in all Kinds of Stone Work.

| | |
|---|---|
| To 400 hours, common labor..................... | $ 500 00 |
| 28 hours, skilled labor..................... | 56 00 |
| Cartage for hauling monument and equipment to set same................. | 385 00 |
| J. B. Huffman, time superintending.... | 180 00 |
| Rent on equipment........................ | 200 00 |
| Miscellaneous expense .................... | 29 00 |
| | $1,350 00 |
| By cash ..................................... | 750 00 |
| | $ 600 00 |

There was evidence that McDonald knew Huffman was supervising and doing the work mentioned, but it is conceded that he knew nothing of the terms of the employment or of Huffman's claim until he (McDonald) had paid the original contractors the full amount accruing to them under the contract. The hauling was done and the labor was performed by others employed for the purpose by Huffman, whose individual services were purely supervisory, as clearly appears from the foregoing itemized statement.

Even if a lien of the nature here sought to be established could be fixed against cemetery lots and appurtenances under any condition, which is doubtful (articles 767 and 3785, R. S.), it is apparent from the undisputed facts of record that no such lien has been fixed in this case.

In the first place, in the absence of timely written notice, required in article 5623, to be given the owner, the lien provided for in that article, and in article 5621, is not enforceable. Of course, if this notice had been given the owner before he had paid the original contractor the full amount due him thereunder, then the lien might have attached in the amount of the unpaid balance, but such notice was not given until after the contract was performed and the money paid over. These facts defeat the lien. Glass Co. v. Crowdus, 108 Tex. 346, 193 S. W. 1072; Oil Co. v. Robertson (Tex. Civ. App.) 240 S. W. 1046; Wilkerson v. McMurry (Tex. Civ. App.) 167 S. W. 275.

Appellant contends that he is entitled to judgment against the owner under article 5638, requiring the owner to withhold payment of the contractor until 30 days after completion of the contract, for the purpose of securing to "mechanics and artisans" payment for "labor or service" done by them for the contractor, subcontractor, agent, or receiver, where such artisans and mechanics had "filed a mechanics' lien" as provided by law. We overrule this contention, however, first, because appellant had not fixed a mechanic's lien, as provided by law, since he did not give the owner the notice stipulated, and, second, because appellant was not an "artisan" or "mechanic" within the meaning of article 5638, relied on by him. On the contrary he was a "subcontractor," against whom, along with "contractors," "agents," and "receivers," article 5638' was expressly designed to operate.

Appellant has raised numerous minor questions, but they all depend upon the two questions we have discussed and resolved against appellant.

The judgment is affirmed.