**HAYDEN et al. v. TYLER OIL CORPORA-
TION. (No. 2992.)**

Court of Civil Appeals of Texas. Amarillo.
April 18, 1928.

Rehearing Denied May 30, 1928.

1. **Mechanics' liens** &#8680;118—**Giving ten days'
notice before filing lien is condition precedent
to claimants' right to enforce laborers' lien
against property (Rev. St. 1925, art. 5461).**

Compliance with Rev. St. 1925, art. 5461,
requiring laborers to give ten days' notice in
writing of their claim before filing lien, is con-
dition precedent to claimants' right to enforce
laborers' lien against property.

2. **Mines and minerals** &#8680;114—**Where affidavit
to accounts for labor were made out against
oil lease owner while testimony showed plain-
tiffs were employed by independent contrac-
tor, no valid laborers' lien existed.**

Where affidavit to accounts for labor done
were made out against defendant oil company
owning an oil and gas lease while testimony of
claimants themselves showed that they were
employed and worked for an independent con-
tractor employed to drill for oil, and affidavit
to accounts stated that labor was performed for
oil company, no valid laborers' lien existed.

Error from District Court, Hutchinson
County; Newton P. Willis, Judge.

Action by V. W. Hayden and another
against the Tyler Oil Corporation. Judg-
ment for defendant, and plaintiffs bring er-
ror. Affirmed.

Lackey & Lackey and Jos. H. Aynesworth,
all of Stinnett, for plaintiffs in error.

W. T. Brothers, of Amarillo, for defendant
in error.

HALL, C. J. The Tyler Oil Corporation
owned an oil and gas lease in Hutchinson
county, Tex. It entered into a written con-
tract with Kay-Bee Company, a partnership
composed of M. M. Keating and Frank C.
Brown, to drill for oil upon the property
covered by its lease. Under the terms of
the written drilling contract, the members of
the Kay-Bee Company are independent con-
tractors, obligated to drill the well, furnish
the derrick, all drilling tools, and to hire and
pay their own hands in the prosecution of
the work.

V. W. Hayden and Ed Harris, plaintiffs in
error, Bert Hammett, and C. B. Hudson were
employed by the Kay-Bee Company as labor-
ers in the execution of the drilling contract.
According to the allegations of the petition,
Hammett and Hudson transferred to plain-
tiffs in error their claims for labor performed
by them. These four laborers were engaged
in the construction of a derrick, two bunk-
houses, and the digging of a slush pit upon
the leased property. The total of the four
labor bills, as shown by the petition, is $770.

This suit is by Hayden and Harris to re-
cover that sum and to foreclose the laborer's
lien upon the derrick, bunkhouses and prop-
erty upon which these improvements are sit-
uated.

The answer of the defendant company con-
tained a general demurrer and special ex-
ceptions, general denial, and special answers.
One special defense was that the defendant in
error was not given ten days' written notice
of the laborer's lien, and that the petition did
not show that the proper steps had been taken
for fixing the lien.

The case was tried to the court without a
jury, and resulted in a judgment that plain-
tiffs take nothing.

The testimony is uncontradicted that plain-
tiffs and their assignors had been employed
to do the work by one "Slim" Matthews, and
a McGovney, who represented the Kay-Bee
partnership. It appears that the Kay-Bee
Company defaulted in the performance of
its part of the contract, and failed to pay
its employees.

The improvements were placed upon the
leased premises by plaintiffs in error and
their assignors during that period, beginning
December 13, 1926, and ending the 23d of
said month, and it appears that, after they
had completed the work, they endeavored to
find the partners composing the Kay-Bee firm
in order to collect the amounts due them for
their services. They found J. L. Tyler, the
president of the appellee company, who in-
formed them where they might find Keating
and Brown. After they had consulted Keat-
ing and Brown, and found they were not
going to succeed in collecting the amounts
due them from the partnership, they then
talked with Mr. Tyler in an effort to get
their money from him or from his company.
Failing in this, on the 12th day of January,
1927, they filed their laborer's lien, including
all four accounts for services, and at the
same time mailed a notice or duplicate of
their claim to J. L. Tyler at Amarillo. Both
of the plaintiffs in error and their assignors
testified that they had not been employed by
the defendant company, but had been em-
ployed and worked for the Kay-Bee Company.
No facts are alleged or proven which would
have authorized the trial court to render a
judgment against defendant for an amount
due them from the Kay-Bee Company.

[1] Under Revised Statutes 1925, article
5461, plaintiffs in error were required to give
the defendant oil company ten days' notice in
writing of their claim before filing their lien.
This was not done. Compliance with this
provision of the statute is a condition pre-
cedent to the claimants' right to enforce a
lien against the property. McClellan v.
Haley (Tex. Com. App.) 250 S. W. 413; Burk
Burnett-Mann Oil Co. v. Robertson (Tex.
Civ. App.) 240 S. W. 1046; Huffman v. Mc-

Donald (Tex. Civ. App.) 261 S. W. 146; Atkinson v. Jackson Brothers (Tex. Civ. App.) 259 S. W. 280.

[2] For this reason alone, we think the judgment should be affirmed. It may be further stated, however, in support of the judgment, that the accounts for labor done were made out against the defendant oil company, while the testimony of the claimants themselves shows that they were employed by and worked for the Kay-Bee Company. The affidavit to the accounts states that the labor was performed for the Tyler Oil Corporation, and this statement is contradicted by the testimony of the parties upon the stand. Under these facts, it is clear that no valid lien existed.

It is unnecessary to discuss in detail the various propositions urged by plaintiffs in error.

The controversy has been correctly decided, and the judgment is affirmed.