## KALLISON et al. v. SOUTHLAND LUMBER CO.

### No. 10658.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1940.

Mueller & Mueller and Elbert Jandt, all of Seguin, for appellants.

Dibrell, Mosheim & Campbell, of Seguin, for appellee.

NORVELL, Justice.

The Southland Lumber Company sued Morris Kallison, Perry Kallison and Mason Altgelt in the Justice's Court of Precinct No. 1, Guadalupe County. The Justice's Court rendered a judgment in favor of the Lumber Company and against Altgelt and Perry Kallison. Recovery against Morris Kallison was denied. An appeal was taken to the County Court of Guadalupe County, and there, after a trial before the court without a jury, judgment was rendered against Altgelt and both Kallisons. Morris and Perry Kallison bring the case here as appellants. Mason Altgelt appeared at neither of the trials in the lower courts, and has not appealed.

The question presented is one of the sufficiency of the evidence to support the judgment.

Morris Kallison owned an oil and gas lease in Guadalupe County and entered into an oral agreement with Altgelt to drill a well upon the lease at an agreed price of $1.75 per foot, Altgelt to furnish everything necessary to the drilling operations, such as labor and material.

Perry Kallison and one H. Lebman, not a party to the suit, had purchased a drilling

rig at the cost of $5,000 and under a written agreement leased the same to Altgelt for $10 a month. The written agreement itself negatives the existence of a partnership between Perry Kallison and Altgelt. Perry Kallison, however, did testify that because of past relationships with Altgelt, it was his intention to allow Altgelt to use the rig at a nominal rental so that he could get enough money to purchase a third interest in the drilling machinery. This particular drilling rig was used by Altgelt upon the Morris Kallison lease.

Altgelt purchased a bill of materials from Southland Lumber Company which was originally charged to him. Later, however, Altgelt told the Lumber Company he was just acting as agent for Morris Kallison, and requested that the bill be changed and charged to Kallison. This was done and a demand for payment made of Morris Kallison, who, by letter introduced in evidence, denied all liability therefor.

It also appears that Morris Kallison paid a few of Altgelt's employees. Morris Kallison testified that Altgelt's performance under the contract was unsatisfactory, and that he put another man on the job to complete the well; that at the time of his settlement with Altgelt he paid all the bills owed by Altgelt that he knew anything about and paid the balance to Altgelt. Altgelt did not testify upon the trial.

■ The trial court made no findings of fact and conclusions of law, and consequently all facts necessary to support the judgment will be presumed to have been found by the trial court, providing such findings are supported by the evidence.

■ As to Perry Kallison it is conceded by appellee that if the evidence is insufficient to support a finding that Perry Kallison and Altgelt were partners, the judgment against Perry Kallison is erroneous. The evidence, briefly set out above, is insufficient to establish a partnership. The fact that Perry Kallison may have had the intention of forming a partnership with Altgelt at some future date, cannot make him liable as a partner of Altgelt's at the time the Lumber Company's bill was incurred. Fink v. Brown, Tex. Com.App., 215 S.W. 846.

■ As to Morris Kallison a number of theories are advanced, but in answer thereto it is sufficient to state that the facts of this case, as herein set out, were insufficient to support a finding that Kallison was liable upon the theory of agency, expressed or implied. Kallison was in no way estopped to deny liability upon the bill in question simply because he owned the lease, and appellee may have expected Kallison would pay the bill incurred by Altgelt. 2 Tex.Jur. 448–450; Mechem on Agency, § 743; Burk Burnett-Mann Oil Co. v. Robertson, Tex.Civ.App., 240 S.W. 1046.

■ This case was apparently fully developed in the trial court, and that portion of said court's judgment awarding a recovery against Morris Kallison and Perry Kallison will be reversed and here rendered in favor of said appellants. That portion of the trial court's judgment awarding a recovery against Mason Altgelt will not be disturbed.