TEZEL & COTTER, Air Conditioning Company, William McMunn, Acme Floor Finishers, Inc., Dave Kelman, d/b/a Kelman Electric Company, Hugo E. Sultenfuss, Louis P. Isner, Appellants,

v.

M. L. ROARK, Trustee, Estate of Guy Fredet Spencer, Bankrupt, et al., Appellees.

No. 13129.

Court of Civil Appeals of Texas.

San Antonio.

March 20, 1957.

Rehearing Denied April 17, 1957.

T. W. Anderson, Park Street, Walter Powell Gray, James Otis Herrington, M. M. Hughes, Jr., San Antonio, for appellants.

Louis Le Laurin, Moursund, Ball, Bergstrom & Barrow, C. M. Gaines, Marion A. Olson, Albert M. McNeel, Jr., San Antonio, for appellees.

POPE, Justice.

This is an interpleader suit brought to determine priorities to certain funds tendered into court. The dispute concerns the rights of various creditors arising out of a

contract to construct improvements on a homestead. Guy Fredet Spencer contracted to erect improvements upon the homestead of Ralph E. Fair and wife. Fair executed the written contract, but his wife did not. For a lien to arise on the homestead her signature is required. Art. 5460, Vernon's Ann.Civ.Stats. After construction began but before the contract was completed, Spencer, the contractor, went to Frost National Bank and borrowed $10,000. He executed to the bank an assignment in that sum out of the funds due him from Fair. Tezel & Cotter and five other appellants furnished materials and labor on the Fair homestead job, and while they make no claim to a lien against the property, they claim they had prior claim to funds still in the hands of Fair. Spencer, the contractor, then became a voluntary bankrupt. When Spencer became bankrupt, Fair owed $14,974.68 on his contract and he tendered that sum into court and interpleaded all the creditors. The court recognized the assignment and awarded $10,000 to the bank, and the balance, less certain expenses, was awarded to M. L. Roark, Trustee in Bankruptcy. The court, in effect, held that the mechanics and materialmen had no lien and no claim on the funds. That was a correct judgment.

■ The mechanics and materialmen, appellants, first assert that the contractor's assignment to the bank was void, because the notice of assignment which the bank recorded in the office of the county clerk was fatally defective. Article 260–1, Vernon's Ann.Civ.Stats., 1945, before it was amended in 1955, controls the case. The reasons urged that the assignment was fatally defective are, that the notice was not dated, it failed to state the assignor's office or place of business, and failed to set out the time for which the notice was effective. Spencer, the contractor, gave his note for $10,000 to the bank on May 13, 1954. He dated the assignment, May 13, 1954, and it was acknowledged by him on May 21, 1954. The notice of assignment did not show the date the contrac-

tor executed it. However, the notice shows that it, too, was acknowledged on May 21, 1954. It was recorded on that date. The date on the acknowledgment to the notice operated to supply the date, and the notice was effective on that date. Becker v. Bowen, Tex.Civ.App., 79 S.W. 45; Pacific States Savings & Loan Co. v. Strobeck, 139 Cal.App. 427, 33 P.2d 1063. The notice also sufficiently stated the assignor's residence. It omitted the mailing address of the assignor's principal office and place of business, but it contained the address of his residence, which is as much notice as the statute requires. Second National Bank of Houston v. Phillips, 5 Cir., 189 F.2d 115. The notice is further attacked because it did not state the period of time for which it would be effective. An examination of the notice, however, unequivocally shows that it gave notice about an assignment of $10,000 which was "presently due, or to become due (a) under an existing contract," as expressed in Article 260–1, prior to its amendment in 1955. There was no claim that the assignment operated to assign any future account which arose after the date of the notice. If the assignee had sought to embrace other accounts which arose after the filing of notice, he would not have succeeded. However, the assignment adequately met the requirements of the statute and gave fair notice of the present assignment of an existing right under an existing contract. Keeran v. Salley, Tex.Civ.App., 244 S.W.2d 663.

■ Appellants next urge that the assignment was void, because the contract between Spencer, the contractor and Fair, the owner, contained clauses which provided the contractor could make no assignment without the written consent of the owner, which was not obtained, and also because Fair, the owner, had the right to retain funds until all bills were paid. The contract between Spencer, the contractor, and Fair, the owner, was unavailing to grant rights to third parties and to invalidate a protected assignment from the contractor to the bank. We passed on that question in Scarborough v.

Victoria Bank & Trust Co., Tex.Civ.App., 250 S.W.2d 918, 923, saying:

"This question seems to be squarely answered by the recent decision of the Supreme Court in Citizens National Bank in Abilene v. Texas & P. R. Co., 136 Tex. 333, 150 S.W.2d 1003, in which it was held that as the provision for retainage was adopted for the protection of the owner and was not a contract for the benefit of third persons, the assignee of the contractor had a prior claim to that of materialmen who had not perfected statutory liens."

Appellants finally urge that they perfected a prior lien against retained funds in the hands of the owner, though they concede they failed to perfect a lien against the homestead property. Art. 5460, Vernon's Ann.Civ.Stats. The contention is that they diligently filed their itemized accounts, and in doing so did everything they possibly could have done. They admit that they did not comply with Article 5460, which required a contract in writing with both the husband and wife owners of the homestead, but they insist this only deprived them of their lien against the property, but not the fund. Mechanics' and materialmen's liens exist by force of statutes. A statutory lien is not a creature of equity, and unless the claimant falls within or follows the demands of the statute, he is not aided by the plea that he did as much as he could. Colleps v. George W. Smith Lumber Co., Tex.Civ.App., 185 S.W. 1043. We deny the claim to a lien on the fund. Texas Glass & Paint Co. v. Southwestern Iron Co., Tex.Civ.App., 147 S.W. 620, 624, affirmed in part, 108 Tex. 346, 193 S.W. 1072; Ruberoid Co. v. Scott, Tex.Civ.App., 249 S.W.2d 256; A. A. Fielder Lumber Co. v. Smith, Tex.Civ.App., 151 S.W. 605; Muller v. McLaughlin, 37 Tex.Civ.App. 449, 84 S.W. 687; Texas Builder's Supply Co. v. National Loan & Investment Co., 22 Tex.Civ.App. 349, 54 S.W. 1059.

The judgment is affirmed.