TRANSAMERICA INSURANCE COM-
PANY, Appellant,

v.

TEXAS WARRANT COMPANY, Appellee.

No. 11421.

Court of Civil Appeals of Texas.

Austin.

June 22, 1966.

Rehearing Denied July 13, 1966.

Wiley & Thornton, Dayton G. Wiley, P. Sam Gross, Jr., Allen Lewin Plunkett, San Antonio, for appellant.

Kuykendall & Kuykendall, A. T. Mullins, Austin, for appellee.

ARCHER, Chief Justice.

This suit was filed by Transamerica Insurance Company, as surety for Jack Collins Construction Company, to recover the balance of the contract price on a State construction project it bonded. The contract balance which it seeks to recover was allegedly paid to Texas Warrant Company,

an assignee of such bonded contractor, instead of to said contractor's surety. Facts were developed by stipulations and affidavits, and both parties moved for a summary judgment. The trial court rendered judgment for Texas Warrant Company and Transamerica Insurance duly perfected this appeal.

The appeal is based on three points and are that the court erred in granting the summary judgment because the subrogation rights of a contractor's surety on a performance bond are superior to those of an assignee of the contractor, because when a contractor defaults, his surety has an independent right to have the contract monies applied toward payment of debts incurred, as such monies are trust funds dedicated to the completion of the contract and the payment of labor and material bills, and the assignment to appellee fails to comply with the provisions of Article 260–1, Vernon's Ann.Civ.St., and the appellant had a protected assignment under Article 260–1, V. A.C.S.

On March 18, 1963, Jack Collins Construction Company, Inc., entered into a contract for the improvement of Inks Lake State Park, *Buccanan,* Burnet County, Texas. American Surety Company, the predecessor in interest of Transamerica Insurance Company, was surety on the performance and payment bonds executed by the contractor in the penal sum of $66,-632.00. By July 31, 1963, the contractor had defaulted in the payment of a number of labor and material bills, and as early as August 7, 1963 a claimant who had furnished labor and material to the project, notified the contractor, the surety, and the State of the default of the contractor in the payment of his statement for such labor and material. The ultimate direct loss on the payment bond and the performance bond was stipulated to amount to $23,530.22.

On December 26, 1962, as an inducement to the surety to execute said bonds the contractor executed and delivered to the surety an indemnity agreement assigning the contract monies, and said surety in reliance upon said assignment and its rights in and to said contract monies executed the bonds upon which it was subsequently required to expend at least the sum of $23,-530.22. Thereafter, on August 16, 1963 the contractor also assigned the amount of $9,135.00 out of the $9,750.61 balance then "due" said contractor on the Inks Lake State Park Project to appellee. That assignment was filed with the County Clerk of Travis County on August 28, 1963, with the County Clerk of Burnet County on August 30, 1963, and with the County Clerk of McLennan County on September 6, 1963.

On August 30, 1963 the contractor executed another assignment to its said surety by which it again assigned all then existing accounts receivable due or to become due the contractor, which assignment gave a legal description of the land as required by Article 260–1, V.A.C.S., and recorded same with the County Clerk of Travis County on September 3, 1963, with the County Clerk of Burnet County on September 5, 1963, and the County Clerk of McLennan County on September 5, 1965.

On August 30, 1963, the contractor wrote a letter of direction by which it directed the State of Texas to pay all remaining contract monies to its surety.

The State of Texas on or about September 10, 1963, paid the sum of $9,750.61 to Texas Warrant Company, although Texas Warrant Company's assignment was for only $9,135.00. The excess of $615.61 was subsequently paid by Texas Warrant Company to the Internal Revenue Service.

Appellee takes the position that the judgment granting its motion for summary judgment was correct, because the subrogation rights of a contractor's surety are inferior to the holder of its assignment under the provisions of Article 260–1, V.A.C.S., and that its assignment complied with Article 260–1, V.A.C.S. and was recorded as re-

**68**

quired in the several counties, and its assignment is superior to that of appellant.

We believe that the judgment of the trial court was proper under the provisions of Article 260–1.

Article 260–1 was originally enacted in 1945 and has been amended on occasions and finally in 1957 the Legislature, Acts 1957, 55th Leg., p. 818, ch. 348, amended Section 1(1) of Article 260–1.

The caption of the 1957 Act reads:

"An act * * * so as to change the definition of 'account' or 'account receivable' by deleting provisions excluding sums accruing to a contractor who has furnished a surety bond; and declaring an emergency."

The emergency clause of the 1957 Act recites:

"The fact that the present definition of 'account' or 'account receivable' prevents contractors from obtaining interim financing by pledging accounts receivable, resulting in serious impediment to the financing of construction projects creates an emergency * * *."

It appears that the amended Act shows that the intent of the Legislature was to encourage interim financing by eliminating the preference held by the surety companies under the 1955 amendment.

The assignment to appellee is in substantial compliance with the provisions of Article 260–1 in the description as to the name, mailing address, residence, principal office of assignor and assignee, etc. The description of the land is sufficient in this instance where the assignment in part is: "* * * does hereby SELL, ASSIGN and TRANSFER to the said Texas Warrant Company the sum of Nine Thousand Seven Hundred Fifty and Sixty-one/100 ($9,750.61) Dollars, now due to said Jack Collins Construction Company, Inc. from the State of Texas for work performed on State Project No. 63–037,

Inks Lake State Park, payable out of Fund No. 1, Appropriation No. 312288, * * *."

The assignment gives fair notice to the public.

Tezel and Cotter et al. v. Roark, Tex. Civ.App., 301 S.W.2d 179, error ref.

The judgment of the trial court is affirmed.

Affirmed.